**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

NIA RUDASILL, EILEEN GILLIS, MICHAEL SCHLEM and ROBERT VUOTO, individually and as representatives of a class of similarly situated persons, on behalf of the SWISS RE GROUP U.S. EMPLOYEES' SAVINGS PLAN,

Plaintiffs,

v.

SWISS RE AMERICAN HOLDING CORPORATION, THE BOARD OF DIRECTORS OF THE SWISS RE AMERICAN HOLDING CORPORATION, PHILIP K. RYAN, LARRY ZIMPLEMAN, THE SWISS RE AMERICAN HOLDING CORPORTION EMPLOYEE PENSION PLAN COMMITTEE, EMPOWER RETIREMENT, LLC, and DOES NO. 1-10, whose names are currently unknown,

Defendants.

Case No. 1:25-cv-01403-ALC

Judge Andrew L. Carter, Jr.

**EMPOWER RETIREMENT, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

# TABLE OF CONTENTS


**TABLE OF CONTENTS** ..... i

**TABLE OF AUTHORITIES** ..... ii

**INTRODUCTION** ..... 1

**BACKGROUND** ..... 4

**STANDARD OF REVIEW** ..... 7

**I. Federal Rule Of Civil Procedure 12(b)(1).** ..... 7

**II. Federal Rule Of Civil Procedure 12(b)(6).** ..... 8

**ARGUMENT** ..... 9

**I. Plaintiffs Lack Constitutional Standing To Bring Claims Against Empower Because They Allege No Injury.** ..... 10

**II. Count V Should Be Dismissed For Failure To State A Fiduciary Breach Claim.** ..... 13

- **A. The DOL's Inoperative Fiduciary Rule Does Not Make Empower A Fiduciary.** ..... 13
- **B. Empower Is Not A Fiduciary Because It Does Not Manage Or Control Plan Assets.** ..... 15

**III. In Count VI, Plaintiffs Fail To State A Claim Under ERISA's Prohibited Transaction Provisions Because Empower Is Not A Fiduciary And They Fail To Allege A Prohibited Transaction Occurred.** ..... 17

- **A. Empower, A Non-Fiduciary, Did Not Engage In Any Prohibited Transactions As A Fiduciary.** ..... 19
- **B. Plaintiffs Do Not Allege A "Transaction" Occurred; Thus Empower Did Not Engage In Any Prohibited Transactions As A Party In Interest.** ..... 19
- **C. It Is Not A Prohibited Transaction For A Service Provider To Have Access To And Use Participant Data.** ..... 21

**IV. In Count VII, Plaintiffs Have Failed To Sufficiently Allege That Non-Fiduciary Empower Knowingly Participated In An ERISA Fiduciary Breach.** ..... 21

**CONCLUSION** ..... 24

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Bank v. City of Menasha*,
627 F.3d 261 (7th Cir. 2010) ....................................................................................4

*Am. Council of Life Ins. v. U.S. Dep't of Lab.*,
2024 WL 3572297 (N.D. Tex. July 26, 2024) ..............................................................14

*Andersen v. Chrysler Corp.*,
99 F.3d 846 (7th Cir. 1996) ......................................................................................20

*Antoine v. Marsh & McLennan Cos., Inc.*,
2023 WL 6386005 (S.D.N.Y. Sept. 30, 2023)...............................................................11

*Apogee Enter., Inc. v. State St. Bank & Tr. Co.*,
2010 WL 3632697 (S.D.N.Y. Sept. 17, 2010)....................................................10, 15, 16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).......................................................................................................8

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
433 F.3d 181 (2d Cir. 2005)..........................................................................................12

*Cortlandt St. Recovery Corp. v. Hellas Telecomm., S.a.r.l*,
790 F.3d 411 (2d Cir. 2015)............................................................................................7

*Cunningham v. Cornell Univ.*,
145 S. Ct. 1020, 1022 (2025) ...................................................................................8, 20

*Divane v. Nw. Univ.*,
2018 WL 2388118 (N.D. Ill. May 25, 2018), *rev'd in non-relevant part*,
595 U.S. 170 (2022)...................................................................................................17, 21

*Divane v. Nw. Univ.*,
953 F.3d 980 (7th Cir. 2020), *rev'd on other grounds*, 595 U.S. 170 (2022).............17, 21, 23

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336 (2005).........................................................................................................3

*F.H. Krear & Co. v. Nineteen Named Trs.*,
810 F.2d 1250 (2d Cir. 1987)..........................................................................................24

*F.W. Webb Co. v. State St. Bank & Tr. Co.*,
2010 WL 3219284 (S.D.N.Y. Aug. 12, 2010) ..................................................................16

*Fed'n of Ams. for Consumer Choice, Inc. v. U.S. Dep't of Lab.*,
742 F. Supp. 3d 677 (E.D. Tex. 2024) ........ 14

*Fed'n of Ams. for Consumer Choice, Inc. v. U.S. Dep't of Lab.*,
No. 24-40637 (5th Cir. Feb. 14, 2025), Dkt. 57-2. ........ 14

*Fed'n of Ams. for Consumer Choice, Inc. v. U.S. Dep't of Lab.*,
No. 24-40637 (5th Cir. Apr. 15, 2025), Dkt. 65-2 ........ 9, 14

*Fed'n of Ams. for Consumer Choice, Inc. v. U.S. Dep't of Lab.*,
No. 24-40637 (5th Cir. June 17, 2025), Dkt. 73-2 ........ 14

*Fifth Third Bancorp v. Dudenhoeffer*,
573 U.S. 409, 425 (2014) ........ 3, 9

*Gamm v. Sanderson Farms, Inc.*,
944 F.3d 455 (2d Cir. 2019) ........ 25

*Harmon v. Shell Oil Co.*,
2021 WL 1232694 (S.D. Tex. Mar. 30, 2021) ........ 17, 21, 24

*Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*,
530 U.S. 238 (2000) ........ 3, 18, 22, 23

*Hollowell v. Cincinnati Ventilating Co.*,
711 F. Supp. 2d 751 (E.D. Ky. 2010) ........ 25

*Int'l Fresh Produce Ass'n v. U.S. Dep't of Lab.*,
758 F. Supp. 3d 575 (S.D. Miss. 2024) ........ 15

*Lewis v. Casey*,
518 U.S. 343 (1996) ........ 12

*Lockheed Corp. v. Spink*,
517 U.S. 882 (1996) ........ 20, 23

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ........ 8

*Machinery Movers, Riggers and Mach. Erectors, Local 136 v. Nationwide Life Ins. Co.*,
2006 WL 2927607 (N.D. Ill. Oct. 10, 2006) ........ 22

*Makarova v. U.S.*,
201 F.3d 110 (2d Cir. 2000) ........ 7

*In re Meridian Funds Grp. Sec. and ERISA Litig.*,
917 F. Supp. 2d 231 (S.D.N.Y. 2013) ........ 21

*Mertens v. Hewitt Assoc.*,
508 U.S. 248 (1993) .......... 21

*O'Shea v. Littleton*,
414 U.S. 488 (1974) .......... 12

*Palm Beach Mar. Museum, Inc. v. Hapoalim Sec., Inc.*,
810 F. App'x 17 (2d Cir. 2020) .......... 12, 13

*Pappas v. Buck Consultants, Inc.*,
923 F.2d 531 (7th Cir. 1991) .......... 16

*Patrico v. Voya Fin., Inc.*,
2017 WL 2684065 (S.D.N.Y. June 20, 2017) .......... 24

*Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*,
712 F.3d 705 (2d Cir. 2013) .......... 3, 4, 8

*Plutzer v. Bankers Trust Co. of S.D.*,
2022 WL 17086483 (2d Cir. Nov. 21, 2022) .......... 12

*Prime Mover Cap. Partners, L.P. v. Elixir Gaming Techs., Inc.*,
793 F. Supp. 2d 651 (S.D.N.Y. 2011) .......... 17, 19

*Ramos v. Banner Health*,
1 F.4th 769 (10th Cir. 2021) .......... 23

*Renfro v. Unisys Corp.*,
671 F.3d 314 (3d Cir. 2011) .......... 24

*Rudasill v. Swiss Re Am. Holding Corp.*,
No. 25-CV-01403 (S.D.N.Y. May 22, 2025), Dkt. 60 .......... 4, 5, 24

*Santomenno v. Transamerica Life Ins. Co.*,
883 F.3d 833 (9th Cir. 2018) .......... 24

*Shorts v. Cedars Bus. Serv., LLC*,
2025 WL 580208 (S.D.N.Y. Feb 21, 2025) .......... 7

*Singh v. Deloitte LLP*,
650 F. Supp. 3d 259 (S.D.N.Y. 2023) .......... 7

*Smith v. U.S. Dep't of the Treasury*,
761 F. Supp. 3d 952 (E.D. Tex. 2025) .......... 15

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .......... 11

*Taveras v. UBS AG*,
612 F. App'x 27 (2d Cir. 2015) ....................8

*Thole v. U. S. Bank N.A*,
590 U.S. 538 (2020)....................2, 8, 11

*Turner v. Schneider Elec. Holdings, Inc.*,
530 F. Supp. 3d 127 (D. Mass. 2021) ....................24

*Vengurlekar v. HSBC Bank USA*,
2009 WL 362003 (S.D.N.Y. Feb. 11, 2009)....................10, 15

*Walker v. Merrill Lynch & Co. Inc.*,
181 F. Supp. 3d 223 (S.D.N.Y. 2016)....................16

*Warth v. Seldin*,
422 U.S. 490 (1975)....................12

*Wickes v. Westfair Elec. Co.*,
2021 WL 217318 (S.D.N.Y. Jan. 20, 2021) ....................9

*Wright v. Ernst & Young LLP*,
152 F.3d 169 (2d Cir. 1998)....................13

*Zang v. Paychex, Inc.*,
728 F. Supp. 2d 261 (W.D.N.Y. 2010) ....................16

**Statutes**

29 U.S.C. § 1106....................6, 18, 19, 20, 21, 22, 23

29 U.S.C. § 1002....................18

29 U.S.C. § 1104 ....................6, 21

29 U.S.C. § 1132....................7, 22

**Other Authorities**

29 C.F.R. § 2509.75-8....................15

29 C.F.R. § 2510.3-21....................2, 13, 14

Federal Rule of Civil Procedure 12(b)(1) ....................7, 9

Federal Rule of Civil Procedure 12(b)(6) ....................7, 8, 9

Federal Rule of Civil Procedure 12(h)(3) ....................8

## INTRODUCTION

Defendant Empower Retirement, LLC ("Empower") provides non-discretionary recordkeeping services to co-defendant Swiss Re American Holding Corporation ("Swiss Re") for the Swiss Re Group U.S. Employees' Savings Plan (the "Plan"). Plaintiffs Nia Rudasill, Eileen Gillis, Michael Schlem, and Robert Vuoto's (collectively, "Plaintiffs") attempt to cast these services as fiduciary breaches under the Employee Retirement Income Security Act of 1974 ("ERISA") falls woefully short and should be rejected outright. Retirement plan recordkeepers like Empower perform important, non-discretionary, non-fiduciary administrative services that help the 401(k) plans that plan sponsors offer their employees function smoothly. In its role as recordkeeper, Empower monitors participant eligibility, tracks contributions, processes investment changes, manages distributions, facilitates loan repayments, answers questions, provides education, and delivers participant statements and reporting.

Recordkeepers generally do their work at the direction of plan fiduciaries who must meet ERISA's fiduciary standards, do not have discretionary authority over plan assets or administration, and therefore do not perform fiduciary functions; recordkeepers cannot become plan fiduciaries by association. As a result, courts have repeatedly rejected thin claims, like those asserted here against Empower, alleging that a non-fiduciary recordkeeper (Empower) should be subject to ERISA's fiduciary requirements when performing administrative, contractually defined duties. Plaintiffs' claims against Empower similarly fall well short of alleging either that Empower had violated any ERISA fiduciary duties, or that Plaintiffs suffered any actual harm, both essential elements of their claims. As a result, this Court should dismiss all three of Plaintiffs' claims against Empower.

Plaintiffs' Complaint alleges that Empower: (i) breached its fiduciary duties by engaging in cross-selling activity while providing one-time investment advice (Count V); (ii) engaged in

prohibited transactions in violation of ERISA (Count VI); and (iii) knowingly participated in Swiss Re's ERISA violations (Count VII). For the reasons discussed below, each of these claims fails.

*First*, all four named Plaintiffs lack constitutional Article III standing to bring claims against Empower because there are no allegations that Empower caused Plaintiffs any actual injury. This alone is grounds for dismissal of all claims against Empower. A plaintiff must have both constitutional standing and a cause of action under ERISA to sue under ERISA. *Thole v. U.S. Bank N.A*, 590 U.S. 538, 543–44 (2020). Plaintiffs allege that Empower contacted two of the four named Plaintiffs to cross-sell Empower's Roth individual retirement accounts ("Empower Roth IRAs"), but none of the Plaintiffs allege that they actually transferred their funds to an Empower Roth IRA. Plaintiffs' sole complaint, therefore, is that they received marketing communications that were permitted by Swiss Re, the Plan sponsor. Receiving a marketing communication, however, is not a violation of ERISA and, in any event, Plaintiffs do not and cannot allege injury from the purported communications. Because Plaintiffs do not allege any injury that might give them standing to sue Empower, all three claims against Empower should be dismissed.

*Second*, and independent of their lack of standing, Plaintiffs' breach of fiduciary duty (Count V) and prohibited transaction (Count VI) claims against Empower fail because the Complaint does not adequately allege either that Empower was acting as a fiduciary or that any "transaction" has occurred. Plaintiffs rely solely on the inoperable Department of Labor Fiduciary Rule[1] to assert that Empower acted as a fiduciary in providing "one time" investment advice to Plaintiffs. But the Fiduciary Rule was stayed by two federal courts before it ever became effective.

[1] The Department of Labor's Retirement Security Rule (known as the "Fiduciary Rule") intended to broaden the definition of an "investment advice fiduciary" under ERISA, but the Fiduciary Rule never became effective, as explained *infra*. 29 C.F.R. § 2510.3-21(f)(10)(iii).

And because there is no allegation that any Plaintiff transferred Plan funds to an Empower Roth IRA, Plaintiffs have not alleged that a transaction occurred.[2]

*Third*, Plaintiffs' alternative claim that Empower—as a non-fiduciary—somehow knowingly participated in Swiss Re's purported ERISA violations (Count VII) likewise fails because Plaintiffs have not established that (1) Swiss Re committed an ERISA violation; or (2) Empower had actual or constructive knowledge of any alleged Swiss Re violation. *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000). Plaintiffs' flawed circular argument incorrectly assumes that Empower's alleged cross-selling activities were an ERISA violation that Swiss Re should have prevented. Receiving payment for contractually defined recordkeeping services, which included contacting participants about their financial options, is wholly benign and not a breach. The Complaint fails to establish that Empower ***knew of*** any Swiss Re ERISA violation because it does not allege any violation. Plaintiffs' tenuous "knowing participation" claim also fails as a matter of law.

The Supreme Court has recognized that motions to dismiss are an "important mechanism for weeding out meritless [ERISA] claims." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). This is particularly important where, as here, a plaintiff alleges fiduciary breach, because such claims expose defendants to asymmetrical, "ominous" discovery that "elevates the possibility that 'a plaintiff with a largely groundless claim [will] simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the discovery process will reveal relevant evidence.'" *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) (quoting *Dura Pharm., Inc.*

---

[2] Notably, Plaintiffs cannot cure this pleading deficiency because no named Plaintiff transferred his or her account to an Empower Roth IRA.

*v. Broudo*, 544 U.S. 336, 347 (2005)). In order "to prevent [such] settlement extortion," courts presiding over ERISA cases like this one should be especially careful to require that plaintiffs plead a plausible claim for relief. *Id.* (quoting *Am. Bank v. City of Menasha*, 627 F.3d 261, 266 (7th Cir. 2010)).

In Plaintiffs' pre-motion response letter,[3] Plaintiffs highlighted their basic failure to plead valid claims by making arguments based on new allegations not contained in the Complaint. Any reliance on new claims in Plaintiffs' opposition to this motion should be disregarded as an improper attempt to amend Plaintiffs' deficient Complaint. Plaintiffs easily could have amended their Complaint in advance of the current briefing. Instead, Plaintiffs have ignored this Court's warning that it is "unlikely [to] grant the non-moving party leave to amend" following a successful motion to dismiss, and have chosen to rely on unsubstantiated "facts" not pled in their Complaint. Individual Practices of Andrew L. Carter, Jr. § 2(D)(ii) (Mar. 18, 2025). Thus, dismissal with prejudice is appropriate.

For the foregoing reasons, all claims against Empower should be dismissed with prejudice because Plaintiffs do not and cannot plead plausible claims under ERISA. Even viewing Plaintiffs' allegations in the light most favorable to them, Empower is not a fiduciary and has done nothing more than perform non-discretionary, administrative recordkeeping duties pursuant to its agreement with Swiss Re.

## BACKGROUND[4]

As to Empower, Plaintiffs allege nothing more than the contractually allowed conduct of an ordinary ERISA plan recordkeeper performing ordinary recordkeeping functions. Plaintiffs

[3] Plaintiffs' Letter Response, *Rudasill v. Swiss Re Am. Holding Corp.*, No. 25-CV-01403 (S.D.N.Y. May 22, 2025), Dkt. 60 (hereinafter P's Ltr. Resp.).

[4] For purposes of this motion, Empower treats Plaintiffs' factual allegations as true.

allege that they are former employees of Swiss Re and former participants of the Plan. *See* Complaint ¶ 1, *Rudasill v. Swiss Re Am. Holding Corp.*, No. 25-CV-01403 (S.D.N.Y. May 22, 2025), Dkt. 1 (hereinafter "Compl."). The Plan is a defined contribution retirement plan in which each participant has his or her own retirement account. The amount credited to that account reflects the contributions by the participant, any matching or profit-sharing contributions by Swiss Re, and the performance of the Plan's investment options selected by the participant net of fees and expenses. Compl. ¶¶ 108, 110. As of the end of 2023, the Plan had approximately $1.45 billion in assets and more than 4,000 participants with account balances. Compl. ¶¶ 5, 109.

The Complaint alleges that Empower "provide[s] recordkeeping services to the plan and exercise[s] discretion or control over the administration and management of the Plan and Plan assets." Compl. ¶ 4. It further alleges that Empower is a Plan fiduciary and "violated ERISA when it: improperly used confidential Plan participant data for cross-selling activities, and engaged in prohibited transactions, and, alternatively, as a non-fiduciary, knowingly participated in the ERISA violations of Plan fiduciaries." Compl. ¶¶ 4, 8. The Complaint includes conclusory allegations that two Plaintiffs—Eileen Gillis and Michael Schlem—were contacted about moving their accounts to an Empower Roth IRA, but no allegation that either actually did so. *See* Section I, *infra*. The Complaint does not even bother to allege that the other two Plaintiffs—Nia Rudasill and Robert Vuoto—ever received calls from Empower, much less allege that they were encouraged to move their accounts to an Empower Roth IRA.

The Complaint alleges violations of ERISA individually and on behalf of a putative class of all Plan participants and beneficiaries "beginning six years prior to the date this action [wa]s filed." Compl. ¶ 1. It includes seven causes of action and primarily challenges Swiss Re's management of the Plan. *See generally* Compl. ¶¶ 208–64. Only three of Plaintiffs' claims

(Counts V, VI and VII) are asserted against Empower as the Plan's recordkeeper. Compl. ¶¶ 22, 205, 249.

In Count V, Plaintiffs allege that Empower acted as a plan fiduciary pursuant to the Department of Labor's ("DOL") Retirement Security Rule: Definition of an Investment Advice Fiduciary, 29 C.F.R. § 2510.3-21(f)(10)(iii) (the "Fiduciary Rule"), "when it provided one-time [investment] advice to Plan participants" with respect to their accounts. Compl. ¶ 238. The Complaint alleges that Empower breached its fiduciary duties in violation of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), when Empower "improperly us[ed] the confidential information it obtained about participants" to "intentionally steer[] participants to rollover their Plan assets to an Empower ROTH IRA because that was the more lucrative option for Empower." Compl. ¶ 241. Plaintiffs seek to restore unspecified losses purportedly resulting from this alleged fiduciary breach to the Plan. Compl. ¶ 242.

In Count VI, Plaintiffs claim that Empower engaged in prohibited transactions in violation of ERISA §§ 406(a)(1)(A), (C), and (D), 29 U.S.C. §§ 1106(a)(1)(A), (C), and (D) by rendering investment advice and recommending that Plaintiffs roll assets from their Plan accounts to an Empower IRA, which allegedly increased Empower's compensation and profits. Compl. ¶ 249. Plaintiffs allege that these purported recommendations caused the Plan to engage in prohibited transactions with a party in interest and involving a transfer of Plan assets. Compl. ¶ 249.

Although it is not wholly clear from these allegations, the Complaint appears to assert two theories of prohibited transaction liability: (1) that Empower is directly liable as a Plan fiduciary (Compl. ¶¶ 245, 249, 252); and (2) that Empower is liable as a party in interest for entering into a transaction with the Plan and transferring Plan assets for its own benefit. Compl. ¶ 249. Plaintiffs seek to hold Empower liable for all alleged losses suffered by Plaintiffs, the proposed class, and

the Plan, and asserts that Plaintiffs are entitled to disgorgement or a constructive trust. Compl. ¶ 253.

In Count VII, the Complaint alleges in the alternative that if Empower is not a fiduciary, it is still liable for knowingly participating in Swiss Re's purported ERISA violations. The Complaint asserts that Empower knew Swiss Re was not monitoring Empower's alleged cross-selling and that Empower "knowingly received Plan assets or improper profits derived from Plan assets." Compl. ¶¶ 169–207, 254–64. Plaintiffs seek equitable remedies under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), such as restitution, disgorgement, or constructive trust. Compl. ¶ 264.

As discussed below, all of Plaintiffs' claims fail as a matter of law and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and, independently, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

### I. Federal Rule Of Civil Procedure 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims for which a plaintiff lacks constitutional standing. *Cortlandt St. Recovery Corp. v. Hellas Telecomm., S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015); *Shorts v. Cedars Bus. Serv., LLC*, 2025 WL 580208, at *3 (S.D.N.Y. Feb 21, 2025). The burden is on Plaintiffs to prove "the Court's jurisdiction by a preponderance of the evidence." *Singh v. Deloitte LLP*, 650 F. Supp. 3d 259, 264 (S.D.N.Y. 2023) (citing *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000)). If Plaintiffs lack standing and fail to carry their burden, the Court must dismiss the action for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Makarova*, 201 F.3d at 113. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole*, 590 U.S. at 540 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "There is no ERISA exception to Article III." *Thole*, 590 U.S. at 547. It is not enough to allege that a fiduciary violated ERISA or that a plan suffered a loss generally; Plaintiffs must identify a concrete injury to *their individual* Plan account. *Id.* at 542–43; *see, e.g.*, *Taveras v. UBS AG*, 612 F. App'x 27, 28–30 (2d Cir. 2015) (plaintiff lacked standing where alleged fiduciary breach harmed a 401(k) plan's assets generally but not plaintiff's individual account). Indeed, the Supreme Court recently affirmed a stringent standard requiring lower courts to, "consistent with Article III standing, dismiss suits that allege [an ERISA violation] occurred but fail to identify an injury." *Cunningham v. Cornell Univ.*, 145 S. Ct. 1020, 1032 (2025).

## II. Federal Rule Of Civil Procedure 12(b)(6).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs must allege facts demonstrating a plausible entitlement to relief under ERISA. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A]llegations under ERISA call[] for particular care . . . to ensure that the . . . [c]omplaint alleges *nonconclusory* factual content raising a *plausible* inference of misconduct." *Pension Benefit Guar. Corp.*, 712 F.3d at 718 (emphases in original). The Court cannot "invent factual allegations that the plaintiff has not pled." *Wickes v. Westfair Elec. Co.*, 2021 WL 217318, at *3

(S.D.N.Y. Jan. 20, 2021). A motion to dismiss is an "important mechanism for weeding out meritless [ERISA] claims." *Dudenhoeffer*, 573 U.S. at 425.

**ARGUMENT**

Plaintiffs' claims against Empower fail to allege any actual injury or concrete harm and, therefore, must be dismissed for lack of standing. The Complaint alleges that Empower contacted two of the four named Plaintiffs to allegedly market Empower Roth IRAs, and that is it. Tellingly, Plaintiffs do not allege that *any* of them actually rolled their Plan assets over to an Empower Roth IRA (because they did not). Plaintiffs' speculative allegation that there was an "increase" in Empower's compensation and profits is not plausible absent any alleged rollovers. As such, the Complaint does not allege any injury at all and certainly does not allege an injury in fact that is concrete, particularized, and actual or imminent, and could give Plaintiffs standing to bring claims against Empower. Accordingly, all claims against Empower should be dismissed for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).

All three claims against Empower should independently be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because they fail to state a claim upon which relief can be granted. In Count V, Plaintiffs have failed to state a claim for breach of fiduciary duty because they have failed to plead facts that could support a finding that Empower is a fiduciary. First, the Complaint incorrectly alleges that Empower is a fiduciary under the "Fiduciary Rule," a proposed final regulation issued by the DOL in 2024 that never became effective. Enforcement of the Fiduciary Rule was indefinitely stayed by two district courts in July 2024, and that stay has been confirmed and extended by the Fifth Circuit. *Fed'n of Ams. for Consumer Choice, Inc. v. U.S. Dep't of Lab.*, No. 24-40637 (5th Cir. Apr. 15, 2025). The Fiduciary Rule is currently inoperative and cannot be relied upon to establish that Empower was a fiduciary. *See*, Section II.A., *infra*.

The Complaint fails to allege facts to establish that Empower acted as a fiduciary in any other respect under ERISA, either. Empower is simply Swiss Re's 401(k) plan recordkeeper, and courts have repeatedly held that plan recordkeepers are not ERISA fiduciaries. *See, e.g.*, *Apogee Enter., Inc. v. State St. Bank & Tr. Co.*, 2010 WL 3632697 (S.D.N.Y. Sept. 17, 2010); *Vengurlekar v. HSBC Bank USA*, 2009 WL 362003 (S.D.N.Y. Feb. 11, 2009).

In Count VI, Plaintiffs fail to state a claim for an ERISA prohibited transaction for several reasons. Most glaringly, a prohibited transaction claim requires a ***transaction***, and Plaintiffs allege, at most, a solicitation. Compl. ¶ 245. Plaintiffs do not allege that any of the named Plaintiffs actually moved their funds, or took any other action that might arguably constitute a transaction between the Plan and Empower. Moreover, Empower is not a fiduciary, and cannot be liable for committing fiduciary violations. Even if Empower was a fiduciary, it is not a "prohibited transaction" for an ERISA fiduciary to allow a recordkeeper to access plan participant data, which is necessary for recordkeepers to perform their contractual duties.

Finally, in Count VII, Plaintiffs fail to state a claim that Empower knowingly participated in Swiss Re's alleged ERISA violations because the Complaint does not plausibly allege that any breach occurred, much less that Empower had knowledge of any fiduciary breach.

Because Plaintiffs have alleged nothing more than Empower's participation in a very standard recordkeeping arrangement, all of their claims against Empower should be dismissed with prejudice.

## I. Plaintiffs Lack Constitutional Standing To Bring Claims Against Empower Because They Allege No Injury.

This Court should dismiss all claims against Empower because Plaintiffs do not have standing to sue Empower, depriving this Court of subject-matter jurisdiction. To establish standing under Article III of the Constitution, a plaintiff must demonstrate that he or she suffered an injury

in fact that is concrete, particularized, and actual or imminent. *Thole*, 590 U.S. at 540. A plaintiff does not "automatically satisf[y] the injury-in-fact requirement" of standing just by pleading a statutory cause of action. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* "There is no ERISA exception to Article III." *Thole*, 590 U.S. at 547. "To sue under ERISA, a plaintiff must have both constitutional standing and a cause of action under ERISA." *Antoine v. Marsh & McLennan Cos., Inc.*, 2023 WL 6386005, at *6 (S.D.N.Y. Sept. 30, 2023) (citing *Thole*, 590 U.S. at 543–44). "Under *Thole*, the former requires a plaintiff to allege a loss that affected his personal account or receipt of benefits due to him to ensure the plaintiff has a 'concrete stake in th[e] dispute.'" *Id.* (alteration in original) (quoting *Thole*, 590 U.S. at 547).

Plaintiffs here have no concrete stake in the claims against Empower. All three of Plaintiffs' ERISA claims center on Empower purportedly calling Plaintiffs and class members, and advising them to move their Plan assets to an Empower Roth IRA because it was more "lucrative" for Empower and increased its "compensation and profits." Compl. ¶¶ 241, 245, 249. Plaintiffs generally allege that Empower "improperly appropriated" participant data to "identify high-asset targets" and then recommended that those participants "roll their plan assets over to an Empower ROTH IRA." Compl. ¶¶ 173–83, 196. But the Complaint alleges only that two Plaintiffs were contacted by Empower and advised to roll their plan assets over to an Empower Roth IRA. Compl. ¶¶ 179–82. The Complaint does not allege that the other two Plaintiffs were contacted at all. At best, the Complaint alleges a solicitation to two of the four Plaintiffs, but does not allege any harm from that solicitation.

More significantly, Plaintiffs do not allege that *any* Plaintiff took action in response to Empower's alleged solicitations—not a single one of the four Plaintiffs purports to have put funds

into any Empower Roth IRA.[5] Nor can they make this allegation, because they did not. Plaintiffs do not have standing because they did not allege and did not suffer any actual injury, so there is no loss to redress: none of them transferred their Plan funds to any Empower products, and thus Empower's compensation and profits were not enriched in any way. *See Plutzer v. Bankers Tr. Co. of S.D.*, 2022 WL 17086483, at *2–3 (2d Cir. Nov. 21, 2022) (affirming dismissal of an ERISA putative class action for lack of standing where plaintiffs failed to adequately allege an injury in fact). "The Supreme Court has held that 'if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendant[ ], none may seek relief on behalf of himself or any other member of the class.'" *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). "[T]he named class plaintiffs 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Cent. States Se.*, 433 F.3d at 199 (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)); *see also Lewis v. Casey*, 518 U.S. 343, 357 (1996) (noting that Article III standing requirements are "no less true with respect to class actions than with respect to other suits").

Because no Plaintiff actually transferred funds to an Empower Roth IRA, Plaintiffs cannot demonstrate a concrete injury from any of their ERISA claims—Plaintiffs lost nothing, and Empower obtained nothing,[6] and the Complaint identifies no cognizable injury that Empower has

---

[5] Empower has repeatedly raised this fatal flaw with Plaintiffs, and, on April 25, 2025, even shared call recordings between Empower representatives and Plaintiffs Gillis and Schlem, which demonstrate that neither was advised to roll over their Plan account to an Empower IRA, nor did either participant do so. To the contrary, Schlem was advised to keep his account in the Plan. But Plaintiffs have obstinately refused to withdraw this claim or amend their complaint despite the intervening months and ample time to do so.

[6] Plaintiffs' new theory of injury conferring standing, previewed in their pre-motion response letter, which relied on factual allegations concerning generalized investment advice not included in their Complaint, should be disregarded. *Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, 810 F. App'x 17, 20 (2d Cir. 2020) (affirming this district court's dismissal because "a complaint may not be amended by advocating a different theory of liability in an

caused any of the four named Plaintiffs. At best, the Complaint alleges a solicitation to two of the four Plaintiffs, but does not allege any harm from that solicitation. Because all four Plaintiffs lack standing, all of their claims against Empower must be dismissed for lack of subject-matter jurisdiction.

## II. Count V Should Be Dismissed For Failure To State A Fiduciary Breach Claim.

Independent of their lack of standing, Plaintiffs' claims against Empower in Count V also fail because they do not adequately allege that Empower acted as a fiduciary. Curiously, Plaintiffs allege that Empower is a fiduciary under the DOL's Fiduciary Rule, which never went into effect and has been indefinitely stayed by the federal judiciary. Plaintiffs do not allege any other factual basis for their assertion that Empower is an ERISA fiduciary, because there is none—as the Plan's recordkeeper, Empower performs only non-fiduciary administrative duties.[7]

### A. The DOL's Inoperative Fiduciary Rule Does Not Make Empower A Fiduciary.

Plaintiffs allege in Count V that Empower committed fiduciary breaches and acted as a fiduciary pursuant to the DOL's proposed but inoperative final Fiduciary Rule, 29 C.F.R. § 2510.3-21(f)(10)(iii), when it provided "one-time advice to Plan participants regarding rolling over their plan assets to an Empower ROTH IRA." Compl. ¶¶ 236–38. Plaintiffs' improper reliance on the never-effective Fiduciary Rule means Plaintiffs' claims against Empower fail at the outset.

The DOL proposed the Fiduciary Rule to broaden ERISA's definition of "investment advice fiduciary" to include financial services companies, including recordkeepers, when they provide certain types of advice, including recommendations regarding rolling over assets from a

---

opposition brief wholly unsupported by factual allegations in the complaint"); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *see* P's Ltr. Resp., *supra* note 3, at 1–2.

[7] To the extent that Plaintiffs now attempt to attribute fiduciary status to Empower by relying on allegations and arguments not included in the Complaint—namely, the DOL's five part test, inoperable regulations, and inapposite cases—these arguments should similarly be disregarded as an improper attempt to amend their Complaint. *Palm Beach Mar. Museum, Inc.*, 810 F. App'x at 20; *see also Ernst & Young LLP,* 152 F.3d at 178; *see* P's Ltr. Resp., *supra* note 3, at 2–3.

401(k) plan. 29 C.F.R. § 2510.3-21(f)(10)(iii). As proposed, the Fiduciary Rule could have potentially transformed recordkeepers' non-fiduciary advice about 401(k) plan rollovers to fiduciary conduct. 29 C.F.R. § 2510.3-21(f)(10)(iii). However, implementation of the DOL's Fiduciary Rule (which had been slated for September 23, 2024) has been indefinitely delayed nationwide by two Texas federal courts that granted motions to stay the effective date of the Rule. *See Fed'n of Ams. for Consumer Choice, Inc. v. U.S. Dep't of Lab.*, 742 F. Supp. 3d 677 (E.D. Tex. 2024) (staying the effective date of the 2024 Fiduciary Rule until further order of the Court); *Am. Council of Life Ins. v. U.S. Dep't of Lab.*, 2024 WL 3572297, at *9 (N.D. Tex. July 26, 2024) (holding the same). The DOL appealed the stay on the application of the Fiduciary Rule entered in one of the cases, *Fed'n of Ams. for Consumer Choice Inc.*, to the Fifth Circuit, which affirmed the District Court's stay order and placed the case in abeyance for 60 days. *See Fed'n of Ams. for Consumer Choice, Inc. v. U.S. Dep't of Lab.*, No. 24-40637 (5th Cir. Feb. 14, 2025), Dkt. 57-2. The government has subsequently twice asked for and received two additional 60-day abeyances to decide whether to challenge the enforceability of the DOL Fiduciary Rule due to the change in presidential administration and the time required for new DOL leadership to become familiar with issues presented by the litigation. *See Fed'n of Ams. for Consumer Choice, Inc. v. U.S. Dep't of Lab.*, No. 24-40637 (5th Cir. Apr. 15, 2025 and June 17, 2025), Dkts. 65-2, 73-2 (orders granting unopposed motions to extend abeyance for an additional 60 days, to and including June 16, 2025 and then August 16, 2025). Thus, enforcement of the Fiduciary Rule is stayed until at least August 16, 2025 at which time the DOL will decide whether to pursue further enforcement of the Fiduciary Rule or let it remain ineffective. And even if the DOL decides to pursue enforcement of the Fiduciary Rule it will remain ineffective and stayed long after August 16, 2025 because of the

additional briefing required in both the appellate and district courts. In short, the rule has never been and may never be in force.

Because Plaintiffs' entire fiduciary theory against Empower is premised on the inoperative Fiduciary Rule, their claims against Empower fail. Staying an agency rule is a "temporary form of vacatur." *Smith v. U.S. Dep't of the Treasury*, 761 F. Supp. 3d 952, 974 (E.D. Tex. 2025). An order staying an agency rule pending full adjudication on the merits has the practical effect of a preliminary injunction prohibiting the enforcement of that rule. *See Int'l Fresh Produce Ass'n v. U.S. Dep't of Lab.*, 758 F. Supp. 3d 575, 593 (S.D. Miss. 2024). Thus, Count V should be dismissed because it depends on the operation of an inoperative regulation.

### B. Empower Is Not A Fiduciary Because It Does Not Manage Or Control Plan Assets.

Although Plaintiffs' only articulated theory for fiduciary liability is the ineffective Fiduciary Rule, the Complaint contains vague, conclusory references to Empower exercising "discretion or control over the administration and management of the Plan and Plan assets." Compl. ¶¶ 4, 22, 41, 171, 175. But the Complaint contains no factual allegations about how Empower purportedly did that. Courts consistently have found that recordkeepers are not fiduciaries because "[r]esponsibilities like compiling reports, providing advice, or offering recommendations do not satisfy [the fiduciary] standard." *Apogee Enter.*, 2010 WL 3632697, at *2 (S.D.N.Y. Sept. 17, 2010) (citing 29 C.F.R. § 2509.75-8, D-2, which states that "[p]reparation of reports concerning participants' benefits" is not a fiduciary function); *Vengurlekar*, 2009 WL 362003, at *4–5 (S.D.N.Y. Feb. 11, 2009) (holding that defendants were not fiduciaries because they had not "exercised discretionary control over the management or disposition of the company's assets or had any discretionary authority, responsibility or control respecting 401(k) Plan management or administration at any time."). "[A recordkeeper] cannot be liable for breaching

fiduciary duties under ERISA if it did not owe any fiduciary duties under ERISA." *Apogee Enter.*, 2010 WL 3632697, at *2 (citing *F.W. Webb Co. v. State St. Bank & Tr. Co.*, 2010 WL 3219284, at *4 (S.D.N.Y. Aug. 12, 2010)).

This Court has held specifically that a recordkeeper does not act as a fiduciary by offering mutual funds and providing ministerial recordkeeping services. *E.g.*, *Walker v. Merrill Lynch & Co. Inc.*, 181 F. Supp. 3d 223, 230, 234 (S.D.N.Y. 2016) (Gardephe, J.); *see also Zang v. Paychex, Inc.*, 728 F. Supp. 2d 261, 270–71 (W.D.N.Y. 2010) (finding recordkeeper did not act as a fiduciary by offering investment options). Furnishing advice is not enough to transform an ERISA plan service provider into a fiduciary. *E.g.*, *Pappas v. Buck Consultants, Inc.*, 923 F.2d 531, 535 (7th Cir. 1991).

Here, Plaintiffs allege only that Empower was acting as the Plan's recordkeeper and soliciting participants to use Empower's Roth IRA products. Compl. ¶¶ 241, 245, 249. Empower performed these activities pursuant to the terms of its contract with Swiss Re and did not exercise the type of discretionary authority, responsibility, or control that gives rise to fiduciary status under ERISA. *E.g.*, *Walker*, 181 F. Supp. 3d at 230, 234 (finding that recordkeeper did not act as an investment advice fiduciary under ERISA merely because it provided a discrete menu of funds to plan trustees).

Furthermore, the Complaint repeatedly mentions Empower's alleged use of participant data to conduct its recordkeeper functions, but it does not explain why this is significant. Empower should not have to guess what Plaintiffs are alleging, and their claims should be dismissed for that reason alone. *Prime Mover Cap. Partners, L.P. v. Elixir Gaming Techs., Inc.*, 793 F. Supp. 2d 651, 678 (S.D.N.Y. 2011) ("[I]t is the plaintiff's burden to plead its allegations with sufficient clarity to give defendants notice of the claim."). To the extent Plaintiffs' point is that Empower

accesses and utilizes participant data as part of its recordkeeping functions, courts have rejected the argument that such data is a plan asset numerous times. *E.g.*, *Harmon v. Shell Oil Co.*, 2021 WL 1232694, at *3 (S.D. Tex. Mar. 30, 2021) (finding participant data is not a plan asset and dismissing recordkeeper from fiduciary breach and prohibited transaction claims based on recordkeeper's alleged sharing of data with other entities to market financial products to plan participants); *Divane v. Nw. Univ.*, 953 F.3d 980, 993–94 (7th Cir. 2020) (affirming district court's denial of leave to amend complaint to add claims for violating ERISA by permitting recordkeeper to access participant data), *rev'd on other grounds*, 595 U.S. 170 (2022). Because participant data is not a "plan asset" within the meaning of ERISA, courts have also rejected the theory that it is a fiduciary breach for recordkeepers to utilize plan assets to perform their duties. *E.g.*, *Divane v. Nw. Univ.*, 2018 WL 2388118, at *12 (N.D. Ill. May 25, 2018), *rev'd in non-relevant part*, 595 U.S. 170 (2022).

In sum, Plaintiffs have alleged only that Empower performed non-fiduciary recordkeeping functions set forth in its contract, which is insufficient to allege that Empower acted as a fiduciary. For this additional reason, Plaintiffs' fiduciary breach claim should be dismissed.

## III. In Count VI, Plaintiffs Fail To State A Claim Under ERISA's Prohibited Transaction Provisions Because Empower Is Not A Fiduciary And They Fail To Allege A Prohibited Transaction Occurred.

Plaintiffs also fail to state a claim against Empower in Count VI for a prohibited transaction under ERISA because, as discussed above, Empower is not a fiduciary, and Plaintiffs do not allege that any transaction that might violate ERISA ever took place.

In passing ERISA, Congress prohibited certain transactions deemed "likely to injure the pension plan," including transactions between the plan and a party in interest (ERISA § 406(a), 29 U.S.C. § 1106(a)), and between the plan and a fiduciary (ERISA § 406(b), 29 U.S.C. § 1106(b)). *Harris Tr.*, 530 U.S. at 241–42. ERISA § 406(a)(1), 29 U.S.C. § 1106(a)(1) provides, among other

things, that "[a] fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect . . . sale or exchange . . . of any property between the plan and a party in interest." ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A). Congress defined "party in interest" to encompass those entities that a fiduciary might be inclined to favor at the expense of the plan's beneficiaries, which entities include service providers. ERISA § 3(14), 29 U.S.C. § 1002(14). Similarly, ERISA § 406(b), 29 U.S.C. § 1106(b) states that a plan fiduciary shall not deal with plan assets for his own interest. ERISA § 406(b), 29 U.S.C. § 1106(b).

Plaintiffs allege that Empower committed prohibited transactions under ERISA § 406(a), 29 U.S.C. § 1106(a) and ERISA § 406(b), 29 U.S.C. § 1106(b) "[b]y render[ing] investment advice and recommendations that Plaintiffs and Class members roll assets from their employee benefit Plan account to an Empower ROTH IRA . . . [and] caused the Plan to engage in transactions which they knew or should have known" constituted violations of ERISA § 406, 29 U.S.C. § 1106. Compl. ¶¶ 245, 249. The Complaint confusingly asserts that Empower is liable for prohibited transactions as both a fiduciary *and* a party in interest because it advised Plaintiffs to move assets to an Empower Roth IRA. Compl. ¶¶ 245, 249, 251, 252. It is unclear whether Plaintiffs claim the "transaction" at issue is the transfer of Plan assets to Empower products (which did not happen), or that the participant data itself is the Plan asset (which it is not). Again, Empower (and the Court) should not have to speculate what wrongdoing Empower is accused of. *Prime Mover Cap. Partners*, 793 F. Supp. 2d at 678. But under any theory of liability, for all of the following reasons, Plaintiffs' prohibited transaction claims against Empower fail to state a claim for which relief can be granted, and should therefore be dismissed.

### A. Empower, A Non-Fiduciary, Did Not Engage In Any Prohibited Transactions As A Fiduciary.

To the extent Plaintiffs argue that Empower is a fiduciary, that claim fails.

As explained above (Section II, *supra*), Empower is not a fiduciary under the Fiduciary Rule or on any other basis, and thus did not have discretion to deal with Plan assets for its own interest. Nor did any named Plaintiffs roll over their accounts to an Empower Roth IRA, meaning Plaintiffs have not alleged, and cannot allege, any transaction with Plan assets. Thus, Plaintiffs have failed to state a prohibited transaction claim under ERISA §§ 406(a)–(b), 29 U.S.C. §§ 1106(a)–(b) against Empower.

### B. Plaintiffs Do Not Allege A "Transaction" Occurred; Thus Empower Did Not Engage In Any Prohibited Transactions As A Party In Interest.

To the extent Plaintiffs allege, in the alternative or otherwise, that Empower is a party in interest, that claim fails.

The Complaint alleges that Empower committed a prohibited transaction under ERISA § 406(a), 29 U.S.C. § 1106(a) as a party in interest (and simultaneously, as a fiduciary) by advising participants to roll assets to an Empower Roth IRA, which caused the Plan to transfer Plan assets to a party in interest. Compl. ¶¶ 246–49. But the Complaint does not allege that any Plaintiff ever transferred Plan assets to an Empower Roth IRA, so it does not allege any ***transaction*** prohibited by ERISA. Plaintiffs allege only that Empower attempted to cross-sell its Roth IRAs, but because no rollovers occurred, they do not allege an actual dealing with Plan assets. As such, there is no "transaction" alleged in the Complaint from which Empower could have impermissibly benefitted. The lack of any actual transaction is fatal to Plaintiffs' prohibited transactions claims against Empower, warranting dismissal of Count VI.

The Supreme Court's recent ruling in *Cunningham v. Cornell University* demonstrates the difference between the type of prohibited transaction claim that can survive a motion to dismiss

and the claim Plaintiffs plead here. *Cunningham*, 154 S. Ct. at 1024. In *Cornell*, the Supreme Court concluded that the plaintiffs had adequately alleged a prohibited transaction between the plan and a party in interest because the plaintiffs alleged an actual transaction and an injury. *Id*. at 1024, 1032. The *Cornell* plaintiffs alleged that defendants committed a prohibited transaction because they allowed the plan to pay unreasonable compensation to their recordkeepers, who were parties in interest. *Id*. at 1026. Plaintiffs here allege no such transaction or injury, because they do not allege that Plan assets were transferred to Empower products. *See e.g.*, *Lockheed Corp. v. Spink*, 517 U.S. 882, 892–95 (1996) (holding that the alleged "transaction" in a prohibited transaction claim did not fall within the meaning of ERISA § 406.); *Andersen v. Chrysler Corp.*, 99 F.3d 846, 856 (7th Cir. 1996) (affirming dismissal of prohibited transaction claim where the "transaction" did not fall within the meaning of ERISA § 406). In *Cornell*, the Supreme Court highlighted that such deficient claims must be dismissed at the pleading stage. *Cunningham*, 154 S. Ct. at 1032 ("District courts must also, consistent with Article III standing, dismiss suits that allege a prohibited transaction occurred but fail to identify an injury.").

Moreover, Empower is not the proper defendant for a prohibited transaction claim because it is not a fiduciary. "Liability for imprudence and for engaging in prohibited transactions can only attach to the defendants who were ERISA fiduciaries when imprudent decisions were made or the prohibited transactions engaged in." *In re Meridian Funds Grp. Sec. and ERISA Litig.*, 917 F. Supp. 2d 231, 238 (S.D.N.Y. 2013). Claims for breach of fiduciary duty and prohibited transaction rules under ERISA §§ 404 and 406(b), 29 U.S.C. §§ 1104 and 1106(b) should only be asserted against a party that is a fiduciary within the meaning of ERISA. *See Mertens v. Hewitt Assoc.*, 508 U.S. 248, 251–54 (1993). Thus, even if a transaction had occurred, non-fiduciary Empower would not be a proper defendant.

### C. It Is Not A Prohibited Transaction For A Service Provider To Have Access To And Use Participant Data.

To the extent the Complaint alleges that it was a prohibited transaction for Empower, as recordkeeper, to have access to and use participant data (as permitted by Swiss Re, the Plan sponsor), they are wrong. As explained above in Section II.B., it is not a prohibited transaction or breach of fiduciary duty for a recordkeeper to have access to participant data because it is not an ERISA asset and is needed for the recordkeeper to perform its contractual obligations: "[I]t is in no way imprudent for defendants to allow [the plan's record keeper] to have access to each participant's contact information, their choice of investments, their employment status, their age and their proximity to retirement" because it "needed that information in order to serve as record keeper." *Divane*, 2018 WL 2388118, at *12, *rev'd in non-relevant part*, 595 U.S. 170 (2022); *see also Divane*, 953 F.3d at 993, *rev'd on other grounds*, 595 U.S. 170 (2022); *Harmon*, 2021 WL 1232694, at *3. And, as discussed above (Section II, *supra*), Empower is not a fiduciary and was not dealing with Plan assets for its own interest. Thus, there was no prohibited transaction under Section 406(b).

## IV. In Count VII, Plaintiffs Have Failed To Sufficiently Allege That Non-Fiduciary Empower Knowingly Participated In An ERISA Fiduciary Breach.

Perhaps realizing the significant weakness of their fiduciary claims, Plaintiffs assert a convoluted alternative theory in Count VII that Empower is somehow liable as a non-fiduciary. But the circular allegations in Count VII can be distilled into one simple, fatal flaw. Just like Counts V and VI, Count VII is based on the false premise that Empower's alleged cross-selling of Empower Roth IRAs violated ERISA. For Plaintiffs to properly plead a non-fiduciary liability claim under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), they must plead that: (1) the fiduciary (Swiss Re) violated a substantive provision of ERISA; and (2) the non-fiduciary (Empower) "knowingly participated" in the violation. *See Machinery Movers, Riggers and Mach. Erectors,*

*Loc. 136 v. Nationwide Life Ins. Co.*, 2006 WL 2927607, at *4 (N.D. Ill. Oct. 10, 2006); *Harris Tr.*, 530 U.S. at 251. They do not and cannot plead either.

The Complaint generally alleges that Empower is liable as a non-fiduciary under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) for knowingly participating in Swiss Re's ERISA violations. Compl. ¶¶ 259–64. But those alleged ERISA violations are Swiss Re's purported "failure to monitor" Empower's cross-selling activities. This tortuous argument is dizzying. Empower is not a fiduciary and has no fiduciary duty to monitor Swiss Re's actions. And the Complaint does not establish the existence of an Empower violation related to cross-selling, a Swiss Re violation relating to monitoring Empower's cross-selling, or Empower's knowledge of any such Swiss Re violation.

Plaintiffs cite *Harris Trust*, where the Supreme Court held that a non-fiduciary that participated in a transaction with a fiduciary prohibited by ERISA § 406(a), 29 U.S.C. § 1106(a) could be liable under ERISA. *Harris Tr.*, 530 U.S. at 251. But the Supreme Court also held that for such liability to arise, the non-fiduciary "must be demonstrated to have had actual or constructive knowledge of the circumstances that rendered the transaction unlawful," including "a showing that the *plan fiduciary*, with actual or constructive knowledge of the facts satisfying the elements of a [ERISA § 406(a), 29 U.S.C. § 1106(a)] transaction, caused the plan to engage in the transaction." *Id.* (citing *Lockheed Corp.*, 517 U.S. at 888–89 (1996)) (emphasis in original). Thus, Plaintiffs must allege that Empower "had actual or constructive knowledge of the circumstances that rendered the transaction unlawful," including knowledge of both the facts constituting the prohibited transaction ***and*** that Swiss Re's conduct violated ERISA. *Harris Tr.*, 530 U.S. at 251. They do not.

First, Plaintiffs do not coherently plead that Swiss Re breached any fiduciary duty with respect to Empower. The Complaint simply does not allege any facts suggesting that Swiss Re did not adequately oversee the standard recordkeeping arrangement between the Plan and Empower. *See Divane*, 953 F.3d at 992, *rev'd on other grounds*, 595 U.S. 170 (2022) (holding plaintiffs failed to plausibly allege the "basic element[]" of prohibited-transaction claim that "any defendant knew or should have known that collecting routine fees may violate ERISA"). Plaintiffs allege that Swiss Re allowed Empower to cross-sell its financial products to participants and failed to account for all of Empower's revenue. Compl. ¶ 259. Plaintiffs then allege Empower knew that Swiss Re was not monitoring Empower's cross-selling or revenue from cross-selling. Compl. ¶¶ 261–62. But, Plaintiffs do not allege that cross-selling was forbidden by Empower's agreement with Swiss Re (and it was not), and receiving payment for recordkeeping services and communicating with participants while performing those services do not violate ERISA. *Ramos v. Banner Health*, 1 F.4th 769, 777 (10th Cir. 2021) ("[A] run-of-the-mill agreement for recordkeeping services does not constitute a prohibited transaction under ERISA."); *see also Harmon*, 2021 WL 1232694, at *3 (dismissing prohibited transaction claim premised on cross-selling activity). Nothing in Plaintiffs' allegations supports an inference that Swiss Re had a fiduciary duty to prevent Empower from carrying out its routine contractual obligations as Plan recordkeeper, much less that *Empower* should have known that *Swiss Re* was breaching its duties. And as discussed above, Plaintiffs also have failed to allege that any transfer of Plan assets that could be a prohibited transaction actually occurred. *See* Section III, *supra*. There can be no knowing participation claim without an underlying ERISA violation.

Second, Plaintiffs also do not plead that Empower was aware of any breach by Swiss Re. Plaintiffs do not allege that Empower had any reason to second-guess Swiss Re's monitoring of

Empower's contracted-for fees and services. To the extent Plaintiffs' position is that Empower should have known it was being over-compensated, which is not clearly alleged in the Complaint, that argument fails because Plaintiffs do not allege that Empower received more than the fees it bargained for, and service providers have no duty to monitor plan fiduciaries or negotiate against themselves when negotiating compensation for their services. *See, e.g.*, *Patrico v. Voya Fin., Inc.*, 2017 WL 2684065, at *3 (S.D.N.Y. June 20, 2017) ("[T]he service provider 'is not an ERISA fiduciary with respect to the terms of the agreement for its compensation.'") (quoting *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1259 (2d Cir. 1987)); *Turner v. Schneider Elec. Holdings, Inc.*, 530 F. Supp. 3d 127, 139 (D. Mass. 2021) ("It is well-established that a service provider to an ERISA plan does not act as a fiduciary when negotiating its own fees with that plan."); *Renfro v. Unisys Corp.*, 671 F.3d 314, 324 (3d Cir. 2011) (A service provider "owes no fiduciary duty with respect to the negotiation of its fee compensation"); *Santomenno v. Transamerica Life Ins. Co.*, 883 F.3d 833, 838 (9th Cir. 2018) ("We agree with the Third Circuit that a service provider owes no fiduciary duty with respect to the negotiation of its fee compensation because nothing prevented the trustees from rejecting the provider's product and selecting another service provider; the choice was theirs.").

In short, Plaintiffs have failed to plead any of the elements of a knowing participation claim, and their skeletal Count VII claim fails as a matter of law as a result, and should be dismissed.

## CONCLUSION

For all of the foregoing reasons, the Court should grant Empower's motion and dismiss Counts V, VI and VII of Plaintiffs' Complaint with prejudice. Dismissal with prejudice is appropriate here because amendment would be futile. *See Hollowell v. Cincinnati Ventilating Co.*, 711 F. Supp. 2d 751, 756 (E.D. Ky. 2010) (explaining that amending is futile where "[p]laintiff

failed to plead factual allegations sufficient to raise his right to relief beyond a speculative level with respect to his ERISA-based claims"). Dismissal with prejudice is further warranted here where Plaintiffs had the opportunity to amend their Complaint in connection with pre-motion letter practice and a pre-motion conference with the Court. Plaintiffs chose not to do so, despite this Court's warning in its individual practices that "[i]f the non-moving party elects not to amend its complaint and the motion to dismiss is granted, it is unlikely that the Court will grant the non-moving party leave to amend." Individual Practices of Andrew L. Carter, Jr. § 2(D)(ii) (Mar. 18, 2025); *see also Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 461, 467 (2d Cir. 2019) (affirming dismissal of complaint with prejudice where plaintiffs disregarded the court's warning that future amendment of their complaint would not be permitted after submitting pre-motion letters).

Dated: August 1, 2025

Respectfully submitted,

s/ *Amanda S. Amert*
Amanda S. Amert (aamert@willkie.com)
(*pro hac vice*)
Kimberly Jones (kjones@willkie.com)
(*pro hac vice*)
LaRue Robinson (lrobinson@willkie.com)
(*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Street, Suite 5000
Chicago, Illinois 60654-3406
Tel: (312) 728-9000

Andrew Lichtman (alichtman@willkie.com)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
Tel: (212) 728-3157

*Counsel for Defendant Empower Retirement, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2025, I caused the foregoing memorandum to be filed electronically with the Clerk of the Court for the Southern District of New York by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

Dated: August 1, 2025

*s/ Amanda S. Amert*
Amanda S. Amert (aamert@willkie.com)
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Street, Suite 5000
Chicago, Illinois 60654-3406
Tel: (312) 728-9000

*Counsel for Defendant Empower Retirement, LLC*

**LOCAL RULE 7.1(C) CERTIFICATION**

I, Amanda S. Amert, hereby certify that the foregoing memorandum of law complies with the word count limitations set forth in Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of New York, and contains 8,080 words, exclusive of the caption, table of contents, table of authorities, signature blocks, certificate of service, and this certificate.

Dated: August 1, 2025

*s/ Amanda S. Amert*

Amanda S. Amert (aamert@willkie.com)
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Street, Suite 5000
Chicago, Illinois 60654-3406
Tel: (312) 728-9000

*Counsel for Defendant Empower Retirement, LLC*