**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIA RUDASILL, EILEEN GILLIS, MICHAEL SCHLEM and ROBERT VUOTO, individually and as representatives of a class of similarly situated persons, on behalf of the SWISS RE GROUP U.S. EMPLOYEES' SAVINGS PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>SWISS RE AMERICAN HOLDING CORPORATION, THE BOARD OF DIRECTORS OF THE SWISS RE AMERICAN HOLDING CORPORATION, PHILIP K. RYAN, LARRY ZIMPLEMAN, THE SWISS RE AMERICAN HOLDING CORPORATION EMPLOYEE PENSION PLAN COMMITTEE, EMPOWER RETIREMENT, LLC, and DOES NO. 1-10, whose names are currently unknown,<br><br>Defendants. | Case No. 1:25-cv-01403-ALC<br><br>Judge Andrew L. Carter, Jr. |

**EMPOWER RETIREMENT, LLC'S REPLY MEMORANDUM**
**OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

# CONTENTS

I. Plaintiffs Do Not Have Constitutional Standing To Assert Claims Against Empower. .......... 1

II. Counts V And VI Fail Because Plaintiffs Cannot Plead That Empower Is A Fiduciary. .......... 5

A. Empower Is Not a Fiduciary Under the DOL's Five-Part Test. .......... 5

B. Empower Does Not Manage or Control Plan Assets. .......... 8

C. Count VI Fails to State a Prohibited Transaction Claim. .......... 8

III. Count VII Fails To State A Knowing Participation Claim Against Empower, And Empower Is Not Required To Monitor Its Own Compensation. .......... 9

IV. Plaintiffs' Claims Against Empower Should Be Dismissed With Prejudice. .......... 10

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Sec. Assoc. ("ASA") v. U.S. Dep't of Lab.*,
No. 22-CV-00330, 2023 WL 1967573 (M.D. Fla. Feb. 13, 2023) ....................................... 6, 7

*Carfora v. Tchrs. Ins. Annuity Ass'n of Am.*,
631 F. Supp. 3d 125 (S.D.N.Y. 2022), *amended in part by*, No. 21-CV-08384, 2023 WL 5352402 (S.D.N.Y. Aug. 21, 2023) ....................................... 6, 7

*Cates v. Trs. of Columbia Univ. in the City of New York*,
No. 16-CV-06542, 2021 WL 964417 (S.D.N.Y. Mar. 15, 2021) ....................................... 4

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
433 F.3d 181 (2d Cir. 2005) ....................................... 4

*Collins v. Ne. Grocery, Inc.*,
No. 24-CV-02339, 2025 WL 2382948 (2d Cir. Aug. 18, 2025) ....................................... 3, 4

*Collins v. Ne. Grocery, Inc.*,
747 F. Supp. 3d 398, *aff'd in relevant part by*, 2025 WL 2383710 (2d Cir. Aug. 18, 2025) ....................................... 10

*D.H. v. City of New York*,
309 F. Supp. 3d 52 (S.D.N.Y. 2018) ....................................... 3

*Diaz-Roa v. Hermes Law, P.C.*,
757 F. Supp. 3d 498 (S.D.N.Y. 2024) ....................................... 10

*Fed'n of Ams. for Consum. Choice, Inc. ("FACC") v. Couch*,
No. 3:22-CV-00243, 2025 WL 1898668 (N.D. Tex. July 9, 2025) ....................................... 7

*Jordan v. Fed. Bureau of Prisons*,
2013 WL 1143617 (S.D.N.Y. Mar. 19, 2013) (J. Carter) ....................................... 10

*Leber v. Citigroup 401(k) Plan Inv. Comm.*,
323 F.R.D. 145 (S.D.N.Y. 2017) ....................................... 4

*In re Meridian Funds Grp. Sec. and ERISA Litig.*,
917 F. Supp. 2d 231 (S.D.N.Y. 2013) ....................................... 8

*Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*,
810 F. App'x 17 (2d Cir. 2020) ....................................... 2

*Sacerdote v. N.Y. Univ.*,
9 F.4th 95 (2d Cir. 2021) ....................................................................................................9

*Thole v. U.S. Bank N.A.*,
590 U.S. 538 (2020)..............................................................................................2, 3, 4

*Wickes v. Westfair Elec. Co.*,
No. 19-CV-10673, 2021 WL 217318 (S.D.N.Y. Jan. 20, 2021) ..........................................3, 8

**Statutes**

29 U.S.C. § 1002(21)(A)(ii)...................................................................................................5

29 U.S.C. § 1106(a) ..............................................................................................................5

29 U.S.C. § 1106(b) ..............................................................................................................5

**Other Authorities**

S.D.N.Y. L.R. 15.1...............................................................................................................10

Individual Practices of Andrew L. Carter, Jr. § 2(D)(ii)...........................................................10

New Fiduciary Advice Exemption: PTE 2020-02 Improving Investment Advice
for Workers & Retrieees Frequently Asked Questions (Apr. 2021),
https://www.dol.gov/agencies/ebsa/about-ebsa/our-activities .................................................7

Plaintiffs' Opposition to Empower's motion to dismiss (Dkt. 70) underscores the gross insufficiency of their Complaint.[1] After receiving pre-motion letters that detailed the Complaint's numerous fatal faults, Plaintiffs declined to amend their Complaint and instead used their Opposition to assert a brand new set of deficient facts and theories. Plaintiffs also brazenly suggest that if their new, unpled allegations are not enough, this Court should give them yet another chance via an amended complaint. Second Circuit law prohibits Plaintiffs' attempted amendment by opposition brief, and this Court's rules prohibit a third bite at the apple in an amended complaint.[2]

But even if the Opposition's new facts and theories had been properly pled, they could not cure the fatal flaws identified in Empower's motion to dismiss. ***First***, there is no Article III standing because no concrete injury caused by Empower is or can be pled. ***Second***, Plaintiffs do not and cannot establish that Empower, a ministerial recordkeeper with no discretionary authority over the Plan, is a fiduciary, dooming their breach of fiduciary duty and prohibited transaction claims against Empower (Counts V and VI). ***Third***, Plaintiffs do not and cannot allege that Swiss Re violated its ERISA fiduciary duties or that Empower had knowledge of any breaches, undoing their knowing participation claim against Empower (Count VII). The Court, therefore, should dismiss Plaintiffs' claims against Empower with prejudice and without leave to amend.

## I. Plaintiffs Do Not Have Constitutional Standing To Assert Claims Against Empower.

In its opening brief, Empower demonstrated that Plaintiffs lack standing to bring claims against it. Plaintiffs' Complaint alleges that they were harmed by advice to execute Empower Roth Individual Retirement Account ("IRA") rollovers when they would have been better off

---

[1] The Capitalized terms are defined in Empower's Memorandum of Law in Support of Its Motion to Dismiss ("MTD") (Dkt. 65). "Opposition" refers to Plaintiffs' Opposition to Empower's MTD (Dkt. 70).

[2] Plaintiffs were obligated to amend after reviewing Empower's pre-motion letter and phone recordings that Plaintiffs admit contradict their Complaint allegations. *See* Opp. 13 n.3 (Complaint allegations "were propounded upon information and belief at the time it was drafted.").

staying in the Plan, but they do not allege that they acted on any such alleged advice, so there can be no injury to them. In their Opposition, Plaintiffs implicitly concede their Complaint does not allege any injury from Empower's conduct by improperly introducing new theories and factual allegations. Plaintiffs now argue that Plaintiff Schlem has standing because he is a Plan participant who was injured by remaining in the Plan. Opp. 9. But their Complaint alleges that Schlem was a *former* Plan participant who would have benefited from staying in the Plan, Compl. ¶¶ 1, 185, and "a complaint may not be amended by advocating a different theory of liability in an opposition brief." *Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, 810 F. App'x 17, 20 (2d Cir. 2020). And even Plaintiffs' new, unpled allegations cannot show Plaintiffs "suffered an injury in fact that is concrete, particularized, and actual or imminent." *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020). Plaintiffs do not and cannot allege they were injured for two reasons.

***First***, Plaintiffs' contradictory allegations about Empower's alleged advice are untethered from any concrete injury to Plaintiffs. In their Complaint, Plaintiffs pled that "Empower's initial and only recommendation to . . . participants was to roll their plan assets over to an Empower Roth IRA," and argued that Empower wanted to convince participants to move to Empower Roth IRAs to generate revenue. Compl. ¶¶ 26, 173, 177–83. Yet in their Opposition, Plaintiffs argue Empower wanted to keep participants in the Plan, and advised them accordingly. Opp. 8–9. Further contradicting their Complaint, Plaintiffs argue that participants were harmed regardless of the advice Empower gave or whether they heeded it, because Empower benefited financially either way. *Id.* Under Plaintiffs' theory, they would have been injured regardless of Empower's advice, not because of it.

Plaintiffs also contradict their Complaint allegation that staying in the Plan was the best option for them (Compl. ¶¶ 176–91) by making new and inconsistent arguments in their

Opposition. Plaintiffs now rely solely on unpled allegations about Plaintiff Schlem, implicitly acknowledging that Plaintiffs Rudasill and Vuoto received no advice from Empower, and Plaintiff Gillis was not advised to roll over her funds to an Empower Roth IRA. Plaintiffs argue that "Schlem and the putative class members suffered a concrete injury when they received biased investment advice disguised as 'personalized guidance'" and that they "were harmed because they were deprived of impartial advice and instead received guidance that solely served Empower's financial interests." Opp. 8 (citing Compl. ¶¶ 174–76, 179, 184, 186–90). But Schlem stayed in the Plan and Plaintiffs alleged in their Complaint that staying in the Plan was the best option. Thus there is no injury. Moreover, advice is not an injury, and Plaintiffs have not alleged—and cannot allege—that Empower's alleged advice caused any injury or imminent risk of harm.[3] Their argument that Empower received fees cannot bridge that gap. Plaintiffs do not explain how Empower's fees injured them, and this Court "cannot invent factual allegations that [the plaintiffs have] not pled." *Wickes v. Westfair Elec. Co.*, No. 19-CV-10673, 2021 WL 217318, at *3 (S.D.N.Y. Jan. 20, 2021); *D.H. v. City of New York*, 309 F. Supp. 3d 52, 70 (S.D.N.Y. 2018).

***Second***, Plaintiffs' attempts to argue around clear precedent requiring that a named plaintiff be injured by the conduct complained of fail. Plaintiffs attempt to limit *Thole* to defined benefit plans. Opp. 9–10; *see also* Dkt. 60 at 2. But standing does not turn on the type of ERISA plan at issue; it turns on whether plaintiffs suffered an injury in fact giving them a "concrete stake in th[e] dispute." *Thole*, 590 U.S. at 547.[4] Only a plaintiff who has suffered some type of ***individualized*** harm has Article III standing; a general harm to the plan as a whole that does not impact the

---

[3] Plaintiffs' purported "risk of harm . . . to Plaintiffs' retirement lifestyle" is not sufficient to establish injury in fact. Opp. 10; *Thole*, 590 U.S. at 540; *Collins v. Ne. Grocery, Inc.*, No. 24-CV-02339, 2025 WL 2382948, at *4–6 (2d Cir. Aug. 18, 2025).

[4] The Supreme Court called this distinction "[o]f decisive importance" because defined benefit plan participants' receipt of fixed payments precluded individual harm, not that defined contribution plan participants can automatically establish individualized harm. *Thole*, 590 U.S. at 540.

individual plaintiff is not enough. *Id*. Second Circuit "precedent demonstrates that defined contribution plan participants seeking to obtain monetary relief for alleged ERISA violations must allege a non-speculative financial loss actually affecting, or imminently threatening to affect, their individual retirement accounts." *Collins*, 2025 WL 2382948, at *4 (citations omitted). Plaintiffs have not met that burden with respect to Empower.

Trying to dodge *Thole*, Plaintiffs argue they can have derivative standing on behalf of the Plan even without an individualized injury. Opp. 9–10; Dkt. 60 at 2. But "ERISA plaintiffs cannot rectify a deficient showing of an injury-in-fact by asserting that they have standing as representatives of the plan." *Collins*, 2025 WL 2382948, at *7 (citing *Thole*, 590 U.S. at 543). "[T]he named class plaintiffs must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005).

Plaintiffs cite two cases to support their theory that a non-injured class representative can pursue derivative claims on behalf of other injured plan participants: *Cates v. Trs. of Columbia Univ. in the City of New York*, No. 16-CV-06542, 2021 WL 964417 (S.D.N.Y. Mar. 15, 2021), and *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145 (S.D.N.Y. 2017). *See* Opp. 9–10. In both cases, named plaintiffs were permitted to serve as representatives of a class that included plan participants who were allegedly injured by investing in various funds offered in a defined contribution plan because the named plaintiffs were invested in at least ***some*** of the funds at issue; the named plaintiffs had therefore alleged that they suffered an individual injury from the funds that they ***were*** invested in. *Cates*, 2021 WL 964417, at *2–3; *Leber*, 323 F.R.D. at 155–57. In

contrast, here, Plaintiffs have not alleged they suffered ***any*** individual injury, and their claims should be dismissed for lack of standing.

## II. Counts V And VI Fail Because Plaintiffs Cannot Plead That Empower Is A Fiduciary.

Counts V and VI fail for the additional reason that Plaintiffs do not and cannot adequately allege Empower acted as a fiduciary, an essential element of the breach of fiduciary duty and prohibited transaction claims in those counts.[5] Plaintiffs' Complaint alleges fiduciary status based on the never-effective proposed DOL Fiduciary Rule, which Empower pointed out is inoperative in its pre-motion letter. *See* Compl. ¶¶ 235–38; Dkt. 58 at 1–2. Rather than amend their Complaint, Plaintiffs argue in their Opposition that Empower is a fiduciary under two new theories they have not pled: (1) purportedly under the DOL's 1975 five-part test because it renders investment advice for a fee on a regular basis, and (2) as a functional fiduciary that exercises authority and control over Plan management and administration. Opp. 11. Not only are these allegations unpled, but Plaintiffs' first argument depends on an expansive reading of the five-part test that courts have rejected, and on DOL advice that has been withdrawn or rejected by various courts. And Plaintiffs' second argument ignores the breadth of law contrary to their position that performing ministerial recordkeeping functions renders Empower a functional fiduciary. This Court should reject both arguments, along with Plaintiffs' shifting, insufficient bases for alleging Empower engaged in prohibited transactions.

### A. Empower Is Not a Fiduciary Under the DOL's Five-Part Test.

"To plead that a defendant is a fiduciary because it provided investment advice for a fee [under 29 U.S.C. § 1002(21)(A)(ii)], a plaintiff must plead that (1) the defendant provided

[5] Plaintiffs appear to have abandoned their Section 1106(a) claim for prohibited transactions between the Plan and Empower as a party-in-interest, addressing only a Section 1106(b) claim against Empower as a fiduciary.

individualized investment advice; (2) on a ***regular basis***; (3) pursuant to a mutual agreement, arrangement, or understanding that (4) the advice would serve as a primary basis for ***the plan's*** investment decisions; and (5) the advice was rendered for a fee." *Carfora v. Tchrs. Ins. Annuity Ass'n of Am*., 631 F. Supp. 3d 125, 141 (S.D.N.Y. 2022), *amended in part by*, No. 21-CV-08384, 2023 WL 5352402 (S.D.N.Y. Aug. 21, 2023) (emphasis added) (citations omitted). Plaintiffs cannot show that Empower was a fiduciary, either to the Plan or to any unidentified IRAs.

***First***, Empower did not provide investment advice to the Plan for a fee. Plaintiffs' argument that Empower provided investment advice that served as a primary basis for the Plan's investment decisions is simply untrue. Plaintiffs' Complaint does not allege that Empower provided investment advice to the Plan, and it did not. And Empower did not form a "regular basis" advice relationship ***with the Plan*** by making one-off recommendations ***to individuals***. In *Carfora*, the court explained that "'regular basis' is meant to be understood in the context of the *plan's* investment decisions," not individual plan participants', and thus aggregated interactions with various plan participants are not regular investment advising. *Carfora*, 631 F. Supp. 3d at 146–47 (emphasis in original); *see also Am. Sec. Assoc. ("ASA") v. U.S. Dep't of Lab.*, No. 22-CV-00330, 2023 WL 1967573, at *16–17 (M.D. Fla. Feb. 13, 2023) (adopting *Carfora's* holding that individual investment advice does not give rise to fiduciary status).

***Second***, one-off recommendations to participants to roll investments into an IRA do not constitute an investment advice relationship with the Plan. "Because assets cease to be assets of an ERISA plan after the rollover is complete, any future provision of advice is, by nature, no longer to that ERISA plan." *ASA*, 2023 WL 1967573, at *17. "[F]uture advice once assets are rolled out of plans cannot create a fiduciary relationship." *Carfora*, 2023 WL 5352402, at *8. Nevertheless, Plaintiffs argue that, under PTE 2020-02, Empower's one-off recommendations to Plaintiff

Schlem regarding rollovers satisfy the regular basis prong because it could have been the start of a lengthy investment advice relationship.[6] Opp. 12; Dkt. 60 at 2–3. This is not the law. This District Court has rejected Plaintiffs' definition of "regular basis." *Carfora*, 631 F. Supp. 3d at 148–49, *amended in part by*, No. 21-CV-08384, 2023 WL 5352402 (S.D.N.Y. Aug. 21, 2023). And Plaintiffs allege only one recommendation to one Plaintiff (Schlem),[7] which is well short of any sort of "regular basis" advice-giving relationship between Empower and anyone. Compl. at ¶¶ 178–82.

Furthermore, although PTE 2020-02 and the DOL's accompanying FAQs[8] state that advice to roll over plan assets can constitute the beginning of an advice relationship, this portion of the PTE has since been vacated by two district courts. *See ASA*, 2023 WL 1967573, at *23; *Fed'n of Ams. for Consum. Choice, Inc. ("FACC") v. Couch*, No. 3:22-CV-00243, 2025 WL 1898668, at *1 (N.D. Tex. July 9, 2025). Both courts found the DOL's guidance did not reflect the law. *ASA*, 2023 WL 1967573, at *16 (finding the future provision of advice pertaining to an IRA is not rendering investment advice on a regular basis to an employee benefit plan under ERISA); *FACC*, 2025 WL 1898668, at *1 (vacating the portions of PTE 2020-02 allowing consideration of investment advice relationships when determining fiduciary status). Even if that portion of the PTE had not been vacated, however, such advice logically could only constitute the beginning of

[6] Despite acknowledging that Schlem's recorded calls to Empower representatives reflect that they advised Schlem to stay in the Plan, Plaintiffs weakly suggest that gaps in these recordings might conceal other advice. Opp. 13 n.4. This is nonsense. And Plaintiffs just ignore that Schlem did not roll over his assets into an Empower Roth IRA, so even if Plaintiffs' interpretation of PTE 2020-02 were correct, which it is not, there is still no ongoing advice to Schlem. *See* MTD at 12 n.5.

[7] Plaintiffs do not mention Plaintiff Gillis and abandon their allegation that Empower advised her to roll over her assets to an ***Empower*** Roth IRA, which was also disproven by call recordings provided to Plaintiffs' counsel. Plaintiff Gillis contacted Empower (with her financial advisor) to initiate a roll over to a Morningstar IRA.

[8] *See* DEPT. OF LAB., New Fiduciary Advice Exemption: PTE 2020-02 Improving Investment Advice for Workers & Retirees Frequently Asked Questions (Apr. 2021), https://www.dol.gov/agencies/ebsa/about-ebsa/our-activities/resource-center/faqs/new-fiduciary-advice-exemption.

a fiduciary relationship if it were actually followed, creating an IRA account on which continuing advice could be offered.

### B. Empower Does Not Manage or Control Plan Assets.

Empower did not exercise "discretion or control over the administration and management of the Plan and Plan assets" that would make it a functional fiduciary. Compl. ¶ 4; *see also id.* ¶¶ 22, 41, 171, 175. Plaintiffs argue that providing investment advice to participants concerning investment alternatives constitutes an exercise of control over Plan assets, because it affects how Plan assets are handled on an ongoing basis and their disposition. Opp. 14–16. But this argument just repackages Plaintiffs' allegations that Empower is a fiduciary because it renders investment advice, which fails for the reasons explained above. Plaintiffs allege no facts beyond one-time purported investment advice to establish that Empower somehow manages or controls Plan assets. That is not enough, and a court "cannot invent factual allegations that [the plaintiff] has not pled," so Plaintiffs' claims fail. *Wickes*, 2021 WL 217318, at *3.

### C. Count VI Fails to State a Prohibited Transaction Claim.

Once again asserting new, unsupported factual allegations in their Opposition, Plaintiffs now argue that the "direct and indirect compensation" that Empower receives from participants remaining in the Plan and from participants rolling over their accounts to an Empower Roth IRA constitute prohibited transactions in violation of 29 U.S.C. § 1106(b), which prohibits ***a fiduciary*** from dealing with Plan assets in its own interest. Opp. 17 (citing Compl. ¶¶ 119, 173). In addition to Plaintiffs' failure to plead that Empower is a fiduciary described above, *see supra*, Sections [II.A–B],[9] which is fatal to this claim, this theory fails in the face of the array of cases holding that a service provider is not a fiduciary with respect to its own compensation. MTD at 23–24. Because

---

[9] Plaintiffs also fail to address Empower's argument that it is not a proper defendant for this claim. *See* MTD at 20 (citing *In re Meridian Funds Grp. Sec. and ERISA Litig.*, 917 F. Supp. 2d 231, 238 (S.D.N.Y. 2013)).

Plaintiffs have failed to allege that Empower acted as a fiduciary, Counts V and VI should be dismissed with prejudice.

## III. Count VII Fails To State A Knowing Participation Claim Against Empower, And Empower Is Not Required To Monitor Its Own Compensation.

Empower explained in its motion to dismiss that Count VII fails because Plaintiffs have not plausibly alleged that Swiss Re committed an ERISA violation or that Empower had any knowledge of one. *See* MTD at 21–24. Plaintiffs have not sufficiently alleged that Swiss Re breached its fiduciary duties regarding the standard recordkeeping arrangement between the Plan and Empower, which allowed Empower to cross-sell, because they have not identified any comparator plans whose sponsors prohibit recordkeeper cross-selling. *See* MTD at 21–23; *see also* Dkt. 67 at 17–22. Without pleading other allegedly prudent fiduciaries behaved differently, Plaintiffs cannot support an inference that Swiss Re was imprudent. *See* Dkt. 67 at 17–22.

Furthermore, Plaintiffs cannot allege the required element that Empower was aware of any breach by Swiss Re. Plaintiffs do not allege that Empower received more than the fees it bargained for, and ignore Empower's cited authority holding that service providers have no duty to monitor plan fiduciaries or negotiate against themselves over compensation for their services. *See* MTD at 24. In support of this claim, Plaintiffs allege in conclusory fashion that Swiss Re breached its fiduciary duty by failing to prohibit or restrict cross-selling by Empower. Opp. 18–21. This does not provide "sufficient circumstantial factual allegations to support the claim," which should be dismissed. *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 107 (2d Cir. 2021). Plaintiffs have not stated a claim that Swiss Re failed to monitor Empower's fees, or that Empower knowingly participated in Swiss Re's alleged violations. *Id.*

Plaintiffs fail to plead any of the elements of a knowing participation claim in either their Complaint or their Opposition, and Count VII should be dismissed with prejudice.

## IV. Plaintiffs' Claims Against Empower Should Be Dismissed With Prejudice.

After being informed that their Complaint was based on inoperative laws and incorrect facts, Plaintiffs should have moved for leave to amend it, *see* S.D.N.Y. L.R. 15.1, but did not do so. Dismissal with prejudice is warranted because even if Plaintiffs amended their Complaint with the new facts and theories alleged in their Opposition, they still could not establish standing or state a claim. *See Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp. 3d 498, 571 (S.D.N.Y. 2024) ("Dismissal with prejudice is appropriate when the flaws in the pleading are incurable."); *Jordan v. Fed. Bureau of Prisons*, 2013 WL 1143617, at *8 (S.D.N.Y. Mar. 19, 2013) (J. Carter) ("[A] futile request to replead should be denied.").

Plaintiffs' excuses for not amending do not pass muster. Plaintiffs tacitly admit in their Opposition that their Complaint was factually inaccurate, Opp. 13 n.3 (complaint allegations "were propounded upon information and belief at the time it was drafted."), yet they have not attempted to correct them. Nor should they be excused from following the Court's individual practices regarding amendment "[b]ecause no pre-motion conference was held." Opp. 22; *see also* Individual Practices of Andrew L. Carter, Jr. § 2(D)(ii) (Aug. 13, 2025). Plaintiffs had an obligation to amend their Complaint once Empower made them aware of the factual and legal inaccuracies in their Complaint.[10] *See Collins v. Ne. Grocery, Inc.*, 747 F. Supp. 3d 398, 420, (N.D.N.Y. Aug. 15, 2024), *aff'd in relevant part by,* 2025 WL 2383710 (2d Cir. Aug. 18, 2025). Plaintiffs' tardy request for leave to amend should be denied.

## CONCLUSION

For the above reasons, this Court should dismiss Plaintiffs' Complaint with prejudice.

---

[10] Plaintiffs argue that they made their intent to amend known in their pre-motion response letter to ***Swiss Re***, Opp. 22 (citing Dkt. No. 59), but their pre-motion letter to ***Empower*** says no such thing. *See* Dkt. No. 60.

Dated: September 12, 2025

Respectfully submitted,

*s/ Amanda S. Amert*
Amanda S. Amert (aamert@willkie.com)
(*pro hac vice*)
LaRue Robinson (lrobinson@willkie.com)
(*pro hac vice*)
Kimberly Jones (kjones@willkie.com)
(*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Street, Suite 5000
Chicago, Illinois 60654-3406
Tel: (312) 728-9000

Andrew Lichtman (alichtman@willkie.com)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
Tel: (212) 728-3157

*Counsel for Empower Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2025, I caused the foregoing memorandum to be filed electronically with the Clerk of the Court for the Southern District of New York by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

Dated: September 12, 2025

*s/ Amanda S. Amert*
Amanda S. Amert (aamert@willkie.com)
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Street, Suite 5000
Chicago, Illinois 60654-3406
Tel: (312) 728-9000

*Counsel for Empower Defendants*

**LOCAL RULE 7.1(C) CERTIFICATION**

I, Amanda S. Amert, hereby certify that the foregoing memorandum of law complies with the word count limitations set forth in Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of New York, and contains 3,455 words, exclusive of the caption, table of contents, table of authorities, signature blocks, certificate of service, and this certificate.

Dated: September 12, 2025

*s/ Amanda S. Amert*
Amanda S. Amert (aamert@willkie.com)
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Street, Suite 5000
Chicago, Illinois 60654-3406
Tel: (312) 728-9000

*Counsel for Empower Defendants*