# Morgan Lewis

**Melissa D. Hill**
Partner
+1.212.309.6318
melissa.hill@morganlewis.com

February 3, 2026

**VIA ECF**

Hon. Andrew L. Carter
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

Re:     *Rudasill, et al. v. Swiss Re, et al.*, Case No. 1:25-cv-01403-ALC (S.D.N.Y.)

Dear Judge Carter:

We represent the Defendants ("Swiss Re") in the above-referenced matter and submit this notice of supplemental authority to bring to the Court's attention four recent rulings that further support Swiss Re's Motion to Dismiss the Complaint, Dkt. No. 66 ("MTD"), 67 ("Memo."): *Polanco v. WPP Group, Inc.*, No. 24-CV-9548 (JGK), 2025 WL 3003060 (S.D.N.Y. Oct. 27, 2025) (Exhibit A); *Tillery v. WakeMed Ret. Sav. Plan*, No. 25-CV-408-D, 2026 WL 125784 (E.D.N.C. Jan. 15, 2026) (Exhibit B); *Curtis v. Amazon.com Services, LLC*, No. 24-cv-02164 (W.D. Wa. Jan. 16, 2026) (Exhibit C); and *Jacob v. RTX Corp.*, No. 1:25-CV-1389 (LMB/WBP), 2026 WL 173228 (E.D. Va. Jan. 22, 2026) (Exhibit D). These decisions each dismiss claims challenging the allocation of plan forfeiture accounts similar to the claim asserted at Count III of the Complaint in this action.

In *Polanco*, a court in this district dismissed a claim that allowing forfeitures to remain in the plan at year's end violates ERISA—the same claim Plaintiffs assert here. *Compare Polanco*, 2025 WL 3003060 at *6 n.7 (alleging that "after applying forfeitures to reduce [the defendants'] matching contributions, [the defendants] left a balance remaining in the forfeiture account of millions of dollars at the end of each year") *with* Compl. ¶ 168 (alleging "Swiss Re has been consistently amassing funds in its forfeiture account throughout the Class Period"). In rejecting these allegations, the Honorable John G. Koeltl noted that the governing plan document gave defendants discretion to use forfeitures either to "reduce subsequent Company Contributions, pay Plan expenses, or for any other purposes determined by the Administrators." *Polanco*, 2025 WL 3003060, at *6. Judge Koeltl concluded that, by using forfeitures to reduce their matching contributions—while leaving "a balance remaining in the forfeiture account of millions of dollars at the end of each year" (*id.* at *6 n.7)—defendants did not breach their fiduciary duties because they "neither violated the Plan document's terms nor deprived the plaintiffs of any entitlement guaranteed to them by the Plan." *Id.* at *6.

More recently in *Tillery* and *Curtis,* federal courts reached similar conclusions when dismissing forfeiture claims. In *Tillery*, the court rejected plaintiff's argument that defendants "acted disloyally by failing to spend all the forfeitures from a given year by December 31 of the year." 2026 WL 125784, at *6. The court concluded this failure-to-exhaust-forfeiture theory conflicts with "ERISA

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060          **T** +1.212.309.6000
United States                     **F** +1.212.309.6001

**VIA ECF**

Hon. Andrew L. Carter
February 3, 2026
Page 2

principles" and does not "create[] an inference of disloyalty." *Id*. Likewise, the *Curtis* court rejected the contention that defendants needed to exhaust forfeitures at year's end. Ex. C at 4, 7.

In *Jacob*, a Virginia federal court also dismissed an ERISA claim alleging that defendants' plan document "require[d] that all forfeitures under the Plan must be used at year's end," but that defendants "left millions of dollars of unallocated forfeitures at year's end." 2026 WL 173228, at *5, 3. The court rejected plaintiffs' argument and determined there was "no provision in the Plan Document that requires forfeitures be used by the end of the year." *Id.* at *5. The provision of the plan document the court relied on resembles the provision in Swiss Re's Plan document governing the use of forfeitures—and supports the same conclusion. *See* Dkt. 68, Ex. I (Plan Doc. § 7.03(b)).

On top of finding no year-end forfeiture allocation requirement in the text of the plan document, the *Jacob* court further explained that regulatory guidance from the United States Department of Treasury and the Internal Revenue Service "confirms that forfeitures do not have to be used by year's end." *Id.* at *5.

As in *Polanco*, *Tillery*, *Curtis*, and *Jacob*, Plaintiffs here allege that the Plan document gave Swiss Re discretion to use forfeitures for particular purposes—while never alleging that Swiss Re used forfeitures for any other purpose besides those identified in the Plan document. *See* Compl. ¶¶ 167-68. Also similar to those cases, Plaintiffs allege an "accumulation of forfeitures" in the Plan's forfeiture account, which they argue is "contrary to the spirit of the forfeiture account." *Id.* ¶ 168. But ERISA only requires fiduciaries comply with the plan's terms, not whatever "spirit" plaintiffs try to divine from the plan document. Just as Swiss Re argued, the aforementioned decisions confirm that plan language listing uses of forfeitures does not impose an obligation to allocate forfeitures within a certain period, and that ERISA does not impose any timing requirements on forfeiture use either. *See* Memo. at 22-23; *see also Polanco*, 2025 WL 3003060, at *6 (rejecting argument that defendants breached fiduciary duties by allegedly leaving "a balance remaining in the forfeiture account of millions of dollars at the end of each year", where the plan document required forfeitures to be "used to reduce subsequent Company Contributions, pay Plan expenses, or for any other purposes determined by the Administrators"); *Tillery*, 2026 WL 125784, at *6 (finding plaintiff's argument "that defendants acted disloyally by failing to spend all the forfeitures from a given year by December 31 of the year" conflicts with "ERISA principles and implausibly suggest[s] that failing to provide [plaintiff] a benefit greater than she is entitled to under the Plan creates an inference of disloyalty"); *Curtis*, Ex. C, at 4, 7 (rejecting plaintiffs' contention that the presence of forfeitures "in a[n] unallocated suspense account [at year's end]" meant that defendants used forfeitures for a purpose other than those permitted by the plan document or otherwise violated ERISA); *Jacob*, 2026 WL 173228, at *5 (concluding there was "no provision in the Plan Document that requires forfeitures be used by the end of the year", where the Plan Document merely "state[d] that 'all forfeitures' must be used for the purposes specified in the Plan"). Here too, the Court should find that the allegation that some forfeitures remained in the Plan at year's end is insufficient to state a claim for a violation of ERISA. *Id.* at 24.

For these reasons, in addition to those set forth in Swiss Re's prior briefing, the Court should dismiss Plaintiffs' forfeiture claim (Count III) with prejudice.

**VIA ECF**

Hon. Andrew L. Carter
February 3, 2026
Page 3


Respectfully submitted,

*/s/ Melissa D. Hill*

Melissa D. Hill

cc: All Counsel of Record (via ECF and e-mail)