

**630 Fifth Avenue**
**Suite 2508**
**New York, NY 10111**
**TEL: (212) 664-1600**
**FAX: (212) 563-9280**
**www.bespokelawfirm.com**

Rania V. Sedhom, Member

Samuel A. Rubert, Of Counsel

Matthew J. Scott, Senior Associate

Danielle M. Peterford, Associate

February 17, 2026

via ECF and Email (ALCarterNYSDChambers@nysd.uscourts.gov)
Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 444
New York, New York 10007

**Re:**    ***Rudasill, et al. v. Swiss Re American Holding Corporation, et al., No. 1:25-cv-01403-ALC***

Dear Judge Carter:

We represent Plaintiffs in this matter. We write in response to Defendants' ("Swiss Re") notice of supplemental authority, dated February 3, 2026 (Dkt. 78) ("Notice"), and hereby submit our own notice of supplemental authority in further support of Plaintiffs' Complaint, Dkt. No. 1, and Memorandum in Opposition, Dkt. No. 69 ("Opposition").

Specifically, we'd like to bring to the Court's attention two recent rulings: *Russell et al. v. Illinois Tool Works, Inc. et al.*, No. 22 CV 02492, 2026 WL 332662, at *2 (N.D. Ill. Feb. 9, 2026) (Exhibit A) and *Heet et al. v. National Medical Care Inc. et al.,* No. 25 CV 11644 (D. Mass. Feb. 9, 2026) (Exhibit B). These cases reinforce why Plaintiffs' claims should withstand dismissal.

In *Russell*, a court denied defendants' motion to dismiss, holding that plaintiffs sufficiently alleged that defendants acted as fiduciaries with discretionary authority over forfeitures, and failed to exercise that discretion for the exclusive purpose of benefitting the plan participants and beneficiaries and defraying expenses. 2026 WL 332662, at *1. Similarly, here Plaintiffs allege that Defendants are fiduciaries of the Plan who have discretionary control over the forfeitures and are obligated act in the participants best interest and failed to do so. Compl. ¶¶221-24. Further, like the plaintiffs in *Russell,* Plaintiffs challenge the exercise, not the existence, of that discretion. Compl. ¶¶ 164-68 ("the Plan fiduciaries were obligated to *utilize* the Plan's forfeiture account pursuant to the Plan document"); *see also* 2026 WL 332662, at *4. In denying defendants' motion, the court reasoned that the ambiguity in the plans terms was "enough that the plain language does not mandate an interpretation that defeats [p]laintiffs' claims." 2026 WL 332662, at *4 ("…

1

that forfeitures "shall be applied" to employer contributions to some extent cannot be ignored, neither can the language … that allows for forfeitures to be used for Plan expenses."); *see also* Opposition at Page 18 ("The Plan Document states that forfeitures 'shall be used to reduce Company Matching Contributions…or to pay reasonable administrative expenses' ").

Similarly, in *Heet*, a court denied defendants' motion to dismiss, holding that the plaintiffs stated a claim for breach of fiduciary duty and loyalty. 25 CV 11644 at Page 6. The court, explained that "[m]erely following the Plan document… does not insulate a fiduciary from ERISA liability" and that "at the motion to dismiss stage," claims "are viewed through the totality of the circumstances pled in the complaint" *Id*. at Page 6, 11. The court went on to opine on the "two schools of thought" surrounding the use of a plan's forfeiture account, noting that "there is no binding authority" and that "no Circuit Court of Appeals has yet ruled on the issue." *Id*. at Page 5-6. Taking the minority[1] position, the court ruled that the plaintiffs allegations that the defendant applied forfeitures only to reduce matching contributions while applying none to the administrative expenses of the plan were sufficient to survive at the motion to dismiss stage. *Id*. at Page 16-17 ("While Defendants' decisions to use the Plan's forfeitures to offset or reduce its matching contributions benefitted Fresenius by lowering its costs, it harmed the Plan, along with its participants and beneficiaries, by reducing the amount of assets the Plan otherwise would have received and by causing deductions from participants' accounts to cover expenses that otherwise would have been covered in whole or in part by Plan forfeitures"), 18 ("Defendants have consistently and reflexively chosen to use the forfeitures for their own interest, to the detriment of the Plan and its participants, by allocating all forfeitures toward offsetting and reducing Fresenius' matching contributions owing to the Plan."). This is similar to Plaintiffs position, whereby Plaintiffs allege that Defendants in accumulating their forfeiture fund have "saved … millions of dollars at the expense of the Plan and Plan participants, who were forced to incur avoidable expense deductions." Opposition at Page 18; Compl. ¶ 164-68 ("Despite utilizing some of the forfeited funds for employer contributions… Swiss Re has been consistently amassing funds in its forfeiture account… harming participants").

In contrast to the relevant cases cited above, Plaintiffs refute Defendants' desperate but futile attempt to obscure the merits of this case by highlighting inapposite caselaw with incongruent facts to the allegations propounded by Plaintiffs. Defendants' Notice is nothing more than a transparent effort to frustrate Plaintiffs' ability to seek the redress to which they are entitled. In addition, Defendants' blatant misunderstanding of the Complaint has since evolved into an attempt to mischaracterize Plaintiffs' arguments, as each case cited in the Notice focuses on *how* forfeiture funds were used, not, as Plaintiffs argue, *whether* they were used and why they were accumulated.[2]

---

[1] We note the *Heet* court acknowledged that a majority of district courts have approved the use of forfeitures to offset employer contributions so long as the participants "receive their promised benefits". *Id*. at Page 6, 13. However, no court in this district has adopted that position. In fact, This Court in *Polanco* suggests it would also follow the minority view "if the facts" pled by a plaintiff "were adequately connected to their theory of imprudence." 2025 WL 3003060, at *9.

[2] The cases included in the Notice are particularly perplexing as Defendants acknowledge that Plaintiffs do not claim entitlement to any particular allocation priority, yet all of the cited cases involve this allegation. *See* Dkt. No. 67 at n.11; *see also* Compl. ¶¶ 167-68.

- In *Polanco*, the plaintiffs claimed the defendants breached their fiduciary duties by using forfeiture funds to reduce future employer contributions rather than to pay the plan's administrative costs. 2025 WL 3003060, at *1-2 (S.D.N.Y. Oct. 27, 2025). In contrast, here, Plaintiffs' allege the Defendants' violated ERISA by consistently accumulating and failing to use all of the forfeiture funds, to the detriment of the participants. Compl. ¶¶ 164-68. Further, the *Polanco* court declined to address plaintiffs' allegations regarding defendants' failure to allocate excess forfeitures at the end of each plan year because the plaintiffs failed to connect these allegations to their theory of imprudence and neither party addressed these allegations in their briefs. 2025 WL 3003060, at * 9. Here, Plaintiffs' do not allege that Defendants' were obligated to allocate all forfeiture funds by the end of each plan year, however, they do directly connect Defendants' accumulation of forfeiture funds to their theory of imprudence. Compl. ¶¶ 168, 221-24. Given the stark factual dissimilarities, Plaintiffs' don't understand why Defendants would direct the Court's attention to this case.

- In *Tillery*, plaintiffs alleged that the defendants violated ERISA by not using forfeitures to pay plan expenses, but instead used them to reduce future employer contributions. 2026 WL 125784, at *4 (E.D.N.C. Jan. 15, 2026). The court rejected this argument, holding that "merely alleging that a forfeiture balance existed does not give rise to an inference of imprudence." *Id.* at *7. This ruling, however, was driven by the plaintiffs' failure to allege that defendants breached the plan terms. *Id.* Here, Plaintiffs' have explicitly alleged that Defendants' failed to "to utilize the forfeiture account pursuant to the plan document." Compl. ¶¶107, 164-68, 222-24.

- In *Curtis,* plaintiffs alleged defendants breached their fiduciary duty when they "consistently chose to use the Forfeited Plan Assets" for the "exclusive purpose" of reducing employer matching contributions. 2026 WL 124323, at *2 (W.D. Wash. Jan. 16, 2026). There, the court found the defendants did not breach any fiduciary duty because they followed the terms of the plan. *Id.* at *3. In contrast, here, Plaintiffs entire claim regarding the misuse of the forfeiture funds is based on Defendants' failure to follow the plan document and decision to accumulate forfeiture funds in violation of their duty "to act solely" in the participants best interests, which makes *Curtis* inapposite to the present case. Compl. ¶¶ 162-68, 221-24; Opposition at Page 18.[3]

- In *Jacob* the plaintiffs alleged that defendants breached their fiduciary duty to act in accordance with the plan documents by using the forfeitures to offset future employer contributions rather than to cover administrative expenses. 2026 WL 173228, at *3, 4-5 (E.D. Va. Jan. 22, 2026) ("the Plan expressly requires that some forfeitures be used to pay administrative expenses."). This case further exemplifies Defendants' misunderstanding of the Complaint. Plaintiffs do not allege that Defendants' failed to act in accordance with the plan document because they allocated funds to employer contributions instead of administrative expenses. Instead, Plaintiffs allege that Defendants failed to fully utilize the forfeiture account, as required under the plan, to

---

[3] While factually irrelevant to the present case, we note *Curtis* was decided without oral argument, which Plaintiffs have requested here, therefore, we respectfully assert that a dismissal at this stage is premature. Further, the *Curtis* plaintiffs filed an appeal on February 13, 2026.

the participant's detriment. Opposition at Page 18; Compl. ¶¶ 163-68, 222-24. Even so, the relevance of *Jacob* is questionable given the appeal filed on February 6, 2026, but we note the decision was rendered after permitting oral argument. 2026 WL 173228, at \*4. Here, we have not had the opportunity to proceeded to oral argument, therefore, any ruling on the present motion would be premature.

For these reasons, we respectfully request that the Court disregard Defendants' Notice and deny their motion it dismiss.

Respectfully submitted,

**SEDHOM LAW GROUP, PLLC**

By: /s/ Danielle M. Peterford
Danielle M. Peterford [6006506]
Rania V. Sedhom [RS5439]
*Attorney for Plaintiffs*

cc: All counsel via ECF