# Morgan Lewis

**Melissa D. Hill**
Partner
+1.212.309.6318
melissa.hill@morganlewis.com

February 27, 2026

**VIA ECF**

Hon. Andrew L. Carter, Jr.
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

Re:    *Rudasill, et al. v. Swiss Re, et al.*, Case No. 1:25-cv-01403-ALC (S.D.N.Y.)

Dear Judge Carter:

On February 3, 2026, Defendants ("Swiss Re") filed a Notice of Supplemental Authority regarding four decisions dismissing the same claim that Plaintiffs bring here—that retaining forfeitures at year-end somehow violates ERISA. Dkt. No. 78. Plaintiffs responded by submitting a Notice of Supplemental Authority (Dkt. No. 79) ("Notice") regarding *Russell et al. v. Illinois Tool Works, Inc.*, 2026 WL 332662 (N.D. Ill. Feb. 9, 2026) ("*Russell*") and *Heet v. National Medical Care Inc.*, 2026 WL 353317 (D. Mass. Feb. 9, 2026) ("*Heet*"). In doing so, Plaintiffs misrepresent these two out-of-jurisdiction opinions, which considered a forfeiture theory that Plaintiffs concededly do not bring here, only underscoring why Plaintiffs' forfeiture allegations fail to state a claim as a matter of law.

*Heet* and *Russell*—like *all* of the cases Plaintiffs cited in their Opposition to Swiss Re's Motion to Dismiss (Dkt. No. 69) ("Opposition")—assess whether ERISA requires forfeitures to first be used to pay administrative expenses before reducing company contributions. *See Russell*, 2026 WL 332662, at *1 (alleging defendants violated ERISA by using forfeitures "to reduce [defendant's] contributions rather than Plan expenses borne by participants"); *Heet,* 2026 WL 353317, at *2 (alleging ERISA requires forfeitures to pay for administrative expenses before matching contributions absent "a risk that [defendants] could not cover its matching obligations"). Yet this is the exact theory Plaintiffs emphasize they are not bringing here. *See* Notice at 2 n.2 ("Plaintiffs do not claim entitlement to any particular allocation priority"); *id*. at 3 ("Plaintiffs do not allege that [Swiss Re violated ERISA] because they allocated funds to employer contributions instead of administrative expenses"). Unlike Swiss Re's notice cases, neither *Heet* nor *Russell* contain *any* discussion of whether it is a violation of ERISA to retain forfeitures at year-end.[1]

---

[1] Adding to their substantive irrelevance, both cases are not binding on this Court and represent the minority view in (partially) denying motions to dismiss on the theory that forfeitures must first be used to pay administrative expenses. *See, e.g.*, Notice at 2 (describing the notice cases as "[t]aking the minority position").

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060                    **T** +1.212.309.6000
United States                                **F** +1.212.309.6001

**VIA ECF**

Hon. Andrew L. Carter, Jr.
February 27, 2026
Page 2

Unable to identify any cases supporting their claim that "accumulating" forfeitures at year-end violates ERISA, Plaintiffs resort to mischaracterizing Swiss Re's supplemental authority dismissing that exact claim. *See* Dkt. No. 78 (citing *Polanco v. WPP Group, Inc.*, 2025 WL 3003060 (S.D.N.Y. Oct. 27, 2025); *Tillery v. WakeMed Ret. Sav. Plan*, 2026 WL 125784 (E.D.N.C. Jan. 15, 2026); *Curtis v. Amazon.com Services, LLC*, 2026 WL 124323 (W.D. Wash. Jan. 16, 2026); *Jacob v. RTX Corp.*, 2026 WL 173228 (E.D. Va. Jan. 22, 2026)). For example, Plaintiffs' Notice boldly misrepresents the court's findings in *Polanco*—a case decided in this same district. 2025 WL 3003060. Plaintiffs stated:

> We note the *Heet* court acknowledged that a majority of district courts have approved the use of forfeitures to offset employer contributions so long as the participants "receive their promised benefits". *Id.* at Page 6, 13. However, no court in this district has adopted that position. In fact, This [*sic*] Court in *Polanco* suggests it would also follow the minority view "if the facts" pled by a plaintiff "were adequately connected to their theory of imprudence." 2025 WL 3003060, at *9.

Notice at 2 n.1. However, the court in *Polanco* dismissed the plaintiffs' forfeiture claim in part because the plaintiffs made "no allegation that they did not receive their promised benefits," 2025 WL 3003060, at *4, and never went so far as to suggest they would follow the minority view if some hypothetical set of facts was alleged instead. More problematically, **the quotes Plaintiffs attribute to *Polanco* do not exist.** The phantom quotations above, at best, seek to paraphrase the court's statement that the plaintiffs "never connect these allegations to their theory of imprudence." *Id.* at *9. But Plaintiffs compound what might have been a typographical error by imputing meaning into the misquoted words that simply does not exist in the actual text. Plaintiffs' attempts to distinguish Swiss Re's notice cases fail.

Finally, Plaintiffs' Notice improperly attempts to craft a new argument that they failed to assert in their Opposition. They allege in the Notice—but not in their Complaint or their Opposition—that "Defendants failed to fully utilize the forfeiture account, as required under the plan." Notice at 3. Even if this Court were to ascribe the assertions in Plaintiffs' Notice to their Complaint or even their Opposition, it would not move the needle. Plaintiffs' newfound contentions cannot rectify their failure to identify any language in the Plan document requiring forfeitures to be exhausted at year-end or used within a certain amount of time. Nor can Plaintiffs point to any Plan language stating that Swiss Re must "fully utilize" forfeitures, or even what would satisfy that purported threshold. *Id.*

All told, Plaintiffs' reliance on out-of-jurisdiction minority opinions that do not address the claim they assert here underscores the absence of support for their novel forfeiture theory.[2]

---

[2] Plaintiffs' bald contention that their request for oral argument on Swiss Re's Motion to Dismiss renders "a dismissal at this stage . . . premature" is wholly unfounded and, frankly, makes no sense. Notice at 3 n.3. This Court's Individual Practices state: "The parties may *request* oral argument; the Court will advise counsel if argument will be heard and, if so, of the argument date." Individual Practices of Andrew L. Carter, Jr., at 4 (emphasis added). It would not be "premature," as Plaintiffs contend, to dismiss a claim prior to a requested oral argument that the Court is under no obligation to provide in the first place. Notice at 3 n.3.

**VIA ECF**

Hon. Andrew L. Carter, Jr.
February 27, 2026
Page 3


Respectfully submitted,

*/s/ Melissa D. Hill*

Melissa D. Hill

cc: All Counsel of Record (via ECF and e-mail)