UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nia Rudasill, Eileen Gillis, Michael Schlem, and Robert Vuoto, individually and as representatives of a class similarly situated persons, on behalf of the Swiss Re Group U.S. Employees' Savings Plan, <br><br> *Plaintiffs*, <br><br> -v- <br><br> Swiss Re American Holding Corporation, the Board of Directors of the Swiss Re American Holding Corporation, Philip K. Ryan, Larry Zimpleman, the Swiss Re American Holding Corporation Employee Pension Plan Committee, Great-West Lifeco Inc., Great-West Lifeco U.S. LLC, Empower Annuity Insurance Company of America, Empower Retirement, LLC, Empower Trust Company, LLC, and Does No. 1-10, whose names are currently unknown, <br><br> *Defendants*. | Case No. 1:25-cv-01403 <br><br> The Honorable Judge Andrew Carter Jr. <br><br> Magistrate Judge Valerie Figueredo |

**CONFIDENTIALITY STIPULATION
AND PROPOSED PROTECTIVE ORDER**

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information.    Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

1

3.      The Receiving Party may, up to thirty (30) days after the close of discovery, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other information as Confidential Information. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.      The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

     a.      The requesting party and counsel, including in-house counsel;

     b.      Employees of such counsel assigned to and necessary to assist in the litigation;

     c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

     d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

     a.      Inform the person of the confidential nature of the information or documents;

     b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

     c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.      The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.      Any person in possession of another party's produced documents and information shall exercise the same care with regard to the storage, custody, or use of produced documents

and information as they would apply to their own material of the same or comparable sensitivity. The Receiving Party must take reasonable precautions to protect produced documents and information from loss, misuse and unauthorized access, disclosure, alteration and destruction.

8.      If the Receiving Party discovers any loss of produced documents or information or a breach of security, including any actual or suspected unauthorized access, relating to the produced documents or information, the Receiving Party shall:  (a) provide written notice to Producing Party of such breach promptly after discovery of the breach; (b) investigate and make reasonable efforts to remediate the effects of the breach, and provide Producing Party with assurances that such breach shall not reoccur; (c) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach; (d) the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access and/or correct the breach; and (e) the Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

9.      The Receiving Party shall not load, import, submit, or otherwise transfer Discovery Material (defined as any documents produced in this matter) to any Large Language Model ("LLM") or Artificial Intelligence ("AI") platform without agreement of the parties. Should the Receiving Party want to load, import, submit, or otherwise transfer Discovery Material to any LLM or AI platform, such LLM or AI platform must meet the following security requirements: (a) does not use, retain, or incorporate produced data to train, fine-tune, or otherwise improve any AI model or system; (b) operates within a closed, private, limited, secure universe including enterprise versions of web-based systems; (c) maintains appropriate data isolation at the organization, user, and workflow levels to prevent access to or commingling of data across users, matters, or organizations; (d) the technology provider for the platform must agree to maintain confidentiality, undergo regular third-party penetration testing and security audits, and the system must regularly purge data uploaded to the system based upon a known schedule or at the time of final disposition; (e) employs industry-standard encryption and security protocols (such as AES-256 encryption at rest and TLS 1.2 or higher in transit), data confidentiality protections, and system reliability standards; (f) maintains security certifications or controls consistent with industry standards for legal technology (such as SOC2 compliance and maintaining ISO / IEC 27001, 27017, 27018, 27701 certifications); (g) tracks all information in the system, including access; and (h) maintains data only on servers located in the United States. The parties agree that Relativity's aiR Platform and WestLaw's CoCounsel are acceptable industry standard tools that may be used by all parties as long as data produced by the Producing Party is not used to train AI systems or platforms and thereby do not require disclosure if there is intended use by the Receiving Party. To the extent a Receiving Party intends to use any LLM or AI platform, the Receiving Party shall disclose the specific LLM or AI platform(s) it intends to use and verify its compliance with (a) through (h) above. The Producing Party reserves the right to request additional information to confirm compliance with subsections (a)–(h). If the Producing Party has concerns regarding compliance with this provision, it may seek appropriate relief from the Court. The platform and its use must otherwise comply with this Protective Order.  Any LLM or AI models, AI inputs, and AI outputs developed using Discovery Material will be deemed

Confidential or Highly Confidential / AEO and will not be used for any purpose other than prosecuting or defending this litigation. Such LLM or AI models, AI inputs, and AI outputs will be deleted in accordance with Paragraph 12 of this Order.

10.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of documents or information under this Order. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Nothing contained herein is intended to limit a party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.     Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. Any party that plans to file material another party has labeled as "Confidential" must ask the Producing Party whether they have permission to file the material publicly. The request must be made one week in advance of when the material will be filed.  The parties shall follow the Court's procedures for requests for filing under seal.

12.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 45 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. This requirement to return or destroy Confidential Information does not require a party or individual subject to this Order to produce or destroy any computer archival or backup tapes, archival or backup systems, archival or backup servers, archival or backup files, any information that is only retrievable through the use of specialized tools or techniques typically used by a forensic expert, or any other data that is generally considered not reasonably accessible. Such material shall continue to be treated as Confidential Information under this Order.

13.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

4

SO STIPULATED AND AGREED.


Dated:  May  13,  2026
          New York, New York                              SO ORDERED.

                                                          _____
                                                          VALERIE FIGUEREDO
                                                          United States Magistrate Judge

5

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)

6