Morgan Lewis

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
Dated: September 15, 2026

The motion to seal is GRANTED for the reasons provided herein. The Clerk of Court is respectfully directed to close the motion at ECF No. 92.

**Melissa D. Hill**
Partner
+1.212.309.6318
melissa.hill@morganlewis.com

April 27, 2026

**VIA ECF**

Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York

Re: *Rudasill, et al. v. Swiss Re American Holding Corporation, et al.*, No. 1:25-cv-01403-ALC-VF

Dear Judge Carter:

We represent Swiss Re America Holding Corporation, its Board of Directors, Philip K. Ryan, Larry Zimpleman, and the Swiss Re America Holding Corporation Employee Pension Plan Committee (the "Committee") (collectively, "Defendants") in the above-referenced action. Pursuant to the Local Rules and Your Honor's Individual Practices, Defendants respectfully move to file under seal two categories of documents submitted in support of the Defendants' Answer to Plaintiffs' Complaint (Dkt. 92):

1. **Investment Analysis from a Third-Party Consultant Provided to the Committee.**
   - Exhibit C, Excerpt from First Quarter 2017 Savings Plan Investment Performance Executive Summary
   - Exhibit D, 2023 Swiss Re TDF Pricing
   - Exhibit E, 2025 Swiss Re TDF Pricing

2. **Forfeiture Detail Reports**
   - Exhibit F, 2019 Forfeiture Detail Report
   - Exhibit H, 2020 Forfeiture Detail Report
   - Exhibit I, 2021 Forfeiture Detail Report
   - Exhibit J, 2022 Forfeiture Detail Report
   - Exhibit K, 2023 Forfeiture Detail Report
   - Exhibit L, 2024 Forfeiture Detail Report
   - Exhibit M, 2025 Forfeiture Detail Report

Defendants also provisionally request that the Court file under seal Named Plaintiff Robert Vuoto's Swiss Re Group U.S. Employees Savings Plan Account Statement Compilation, which is Exhibit B to the Answer, to allow Plaintiffs the opportunity to request the Court maintain this document under seal.

**VIA ECF**



## I. Background

Plaintiffs, participants in the Swiss Re Group US Employees' Savings Plan ("Plan"), make two allegations relevant to this sealing request. First, Plaintiffs allege that the Plan's target date funds were not in the least expensive "share class." Second, they allege that Defendants failed to use forfeitures—unvested participant contributions—throughout the year, leading to an accumulation of forfeitures. These allegations survived Defendants' Motion to Dismiss. See Dkt. 85. Through this Letter, Defendants respectfully request that the Court seal certain non-public, financially sensitive exhibits attached to their Answer, which Defendants are filing contemporaneously.

## II. Legal Standard

The Second Circuit has a three-part test to assess sealing requests. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). First, a court assesses whether the document sought to be sealed is a "judicial document." *Id.* Second, a court determines the weight of the presumption of public access to the documents at issue. *Id.* Finally, the Court balances "competing considerations" against the presumption of access, including the "privacy interests of those resisting disclosure." *Id.* at 120.

As explained below, there are strong "competing considerations" in favor of sealing the limited set of documents identified in this Letter.

## III. The Investment Analysis from a Third-Party Consultant Provided to the Committee Should be Sealed

First, Defendants request the Court seal a two-page excerpt from a presentation given by the Committee's third-party consultant (NEPC, LLC) to the Committee. This non-public presentation involves a third-party's analysis of investment options and recommendations to assist the Committee in identifying the lowest-cost share class.

There are strong competing considerations in favor of sealing this NEPC presentation excerpt. Publicly disclosing private recommendations would have a chilling effect on both the content the Committee receives and the deliberations regarding that content, as courts across the country have recognized when granting similar sealing requests. *See Krueger v. Ameriprise Fin., Inc.*, 2014 WL 12597948, at *18 n.20 (D. Minn. Oct. 14, 2014) (sealing ERISA fiduciary committee minutes because public disclosure would "have a chilling effect on the committees' future deliberations" as committee members "would not be willing to be as candid and forthcoming as they usually are and this, in turn, could jeopardize the participants' interests by tempering the fiduciary process") (internal quotations omitted); *Dearing v. IQVIA*, No. 1:20-cv-005740, Dkt. 133, p. 7 (M.D.N.C. Aug. 17, 2023) (sealing ERISA fiduciary committee material because public disclosure would make fiduciaries "less inclined to speak negatively about service providers or raise concerns about the Plan" and thus impede the future performance of those duties).

Courts within the Second Circuit have likewise granted sealing requests for "third-party vendor pricing and meeting minutes" in ERISA class actions. *Lutz v. Kaleida Health*, 2024 WL 4553072, at *1 (W.D.N.Y. Oct. 23, 2024). The Court should do the same here.

**VIA ECF**



## IV. The Forfeiture Detail Reports Should be Sealed

Next, there are similarly strong competing considerations in favor of sealing the Forfeiture Detail Reports. These reports contain (a) social security numbers of individual participants who are not named Plaintiffs and (b) detailed, non-public financial information about Plan dividends, investments, withdrawals, shares, and money source information.[1] The Forfeiture Detail Reports are akin to a banking record—and "[b]anking records are a highly sensitive type of financial record" that courts regularly find warrant sealing. *Secs. & Exch. Comm'n v. Telegram Group Inc.*, 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020). *See also Secs. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *5 (S.D.N.Y. May 16, 2023) (granting motion to seal "bank statements" because of the potential harm caused by the "the public disclosure of the financial information in those statements"); *In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."). The Forfeiture Detail Reports plainly contain information "traditionally considered private rather than public" and therefore should be sealed. *Strauss v. Credit Lyonnais, S.A.,* 2011 WL 4736359, at *4 (E.D.N.Y. Oct. 6, 2011).

Indeed, disclosing the Forfeiture Detail Reports would cause harm to Defendants by making public sensitive financial information. Moreover, redaction of these roughly 14-page documents is not feasible because they consist entirely (or almost entirely) of the confidential business information described above.

## V. Conclusion

For the above-stated reasons, good cause exists under the Second Circuit's test set forth in *Lugosch* to seal the Exhibits C-F and H-M to Defendants' Answer.

Respectfully submitted,

*/s/ Melissa D. Hill*

Melissa D. Hill

cc: All Counsel of Record (via ECF)

---

[1] The versions of the Forfeiture Detail Reports in Swiss Re's possession redact the Social Security Numbers and participant names associated with those numbers. Accordingly, the "unredacted" versions of the Forfeiture Detail Reports that Swiss Re is filing with the Court have redactions for Social Security Numbers and participants' names.